## ADAMS *v.* W. E. WOOD CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ADDITIONAL COMPENSATION—CERTIORARI—QUESTIONS OPEN TO REVIEW.
   On certiorari to review an award of additional compensation to an injured employee by the industrial accident board, where defendant appeared before the board, introduced proofs, argued the case upon the merits, and offered no objection to the practice, its claim in this court that the board was without authority to reopen the case and award additional compensation is without merit.

2. SAME—SETTLEMENT—APPROVAL BY INDUSTRIAL ACCIDENT BOARD.
   A settlement receipt obtained by defendant, but not filed and approved by the board, as required by the statute, is not conclusive upon it.

3. SAME—COMPENSATION—QUESTION FOR BOARD.
   In the event that an employer and an injured employee

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.
     203—Mich.—43.

cannot agree as to the length of time the latter is entitled to compensation, it is a proper question for the board to determine.

4. SAME—EVIDENCE—FINDING BY BOARD—CONCLUSIVENESS.
Evidence that while plaintiff, who had suffered a broken arm in defendant's employ, was on a street car on his way to see defendant about resuming his occupation as a watchman, at the doctor's suggestion that if he was careful he might return to work, although he was still under the doctor's care and his arm in a sling, suffered a second fracture of the same arm, *held*, sufficient to support the finding of the board that plaintiff had not recovered from the former injury, that the former injury contributed to the later one, and that he was entitled to additional compensation during the time of his disability.

Certiorari to Industrial Accident Board. Submitted October 9, 1918. (Docket No. 24.) Decided December 27, 1918.

Merve Adams presented his claim for compensation against the W. E. Wood Company for injuries received in defendant's employ. From an order awarding compensation, defendant and the Zurich General Accident & Liability Insurance Company, Limited, insurer, bring certiorari. Affirmed.

*Kerr & Lacey*, for appellants.

*Campbell, Dewey & Stanton*, for appellee.

BIRD, J. This is a review, by defendants, of an order of the industrial accident board awarding to plaintiff additional compensation for injuries which he received while in the employ of the defendant, W. E. Wood Company.

Plaintiff is a brick mason by trade and is about 37 years of age. He resides and works in the city of Detroit. On March 7, 1917, at the intersection of Farmer street and Lafayette boulevard he slipped and

fell, dislocating his left shoulder. His injury resulted in a partial paralysis of his left hand or fingers. This incapacitated him from following his trade for the time being, so he sought and obtained a position with defendant, W. E. Wood Company, as watchman. He commenced this employment on April 9, 1917. On April 23d, while at his regular work, he had occasion to close a gate or door which hung on rollers. In doing so, it jumped the track and fell on him, breaking his left arm six or seven inches above the elbow and otherwise injuring him. He demanded compensation from his employer and an agreement was reached whereby he was to receive $10 per week. This agreement was filed with and approved by the industrial accident board. Weekly payments were made under this agreement up to July 17th, at which time the attending physician indicated to plaintiff that he was in a condition to resume his work of night watchman. Acting on this suggestion he boarded a street car and went to defendant's plant to make arrangements to take up his work again. In passing out of the car door he was shoved or crowded by fellow passengers against the door casing and suffered another fracture to his left arm. Whether the arm was refractured at the point of the old break or further down near the elbow is in dispute. Plaintiff, being unable to resume his work, requested further compensation from his employer, but this was refused on the ground that he had signed a settlement receipt when the last payment was made to him in July. On October 31st he filed this application with the board, praying that his case be reopened and additional compensation allowed. At the hearing the facts were placed before the board and a finding was made, in substance, as follows:

"(*a*) That at the time of signing said settlement receipt said applicant had not recovered from the in-

jury sustained on April 23d while employed by respondent.

"(*b*) That he had not actually resumed his employment.

"(*c*) That his injuries of April 23d were aggravated by another injury which he received on the street car July 17th while on his way to defendant's plant to resume his employment, and that this occurrence increased the period of applicant's disability which he received on April 23, 1917.

"(*d*) That the injury which he received on April 23d was the proximate cause of the street car injury.

"(*e*) That the board has serious doubts whether applicant was able to resume his work on July 17th or on September 15th."

Upon these findings an award was made granting plaintiff compensation at the rate of $10 per week from the time the payments were stopped on July 17th up to and including September 15, 1917, amounting to $86.66, which sum was ordered to be paid presently.   It was further ordered:

"That if it should develop that applicant is not able to resume or continue in the employment in which he was engaged at the time of the accident, April 23, 1917, because of physical disability chargeable to said accident, said applicant is to be paid compensation from and after September 15, 1917, according to the terms of the agreement approved by the board May 25, 1917."

Defendants have assigned error on this order, as follows:

"1. The industrial accident board did not have authority or jurisdiction to enter an order directing respondents and petitioners to pay further compensation to applicant.

"2. There is no testimony upon which the award of the industrial accident board can be based.

"3. The industrial accident board erred in holding that injuries received by applicant as a result of accident of April 23, 1917, while in the employ of said

respondents were aggravated by street car accident of July 17, 1917.

"4. The industrial accident board erred in holding that injuries received by applicant while in the employ of the respondents on April 23, 1917, was the proximate cause of the street car accident of July 17, 1917.

"5. The industrial accident board erred in concluding 'and the board also very much doubts that applicant was on July 17, 1917, or on September 15, 1917, or is now in such condition as to be able to resume his occupation as a watchman.'

"6. The industrial accident board erred in ordering respondents to pay compensation to said applicant from July 17, 1917, up to and including September 15, 1917."

1. Counsel argue that the board had no right to consider the merits of plaintiff's claim in response to an application to reopen his case. The board returns that it is its customary practice to consider the merits upon an application to reopen a case, that it was followed in this case and defendant's counsel took part in the proceedings, introduced proofs, argued the case upon the merits and offered no objection to the practice. It does not appear that counsel have petitioned the board to reopen the case to admit further proofs, neither does it appear that they have any further material proofs to submit. Under these circumstances we think the claim is without merit.

2. It is said there is no testimony upon which the award of the industrial accident board can be based. Under this head it will be proper to consider the other questions raised. When the employer and employee agree upon compensation and file their written agreement with the industrial accident board and it is approved, jurisdiction of the parties is thereby conferred upon the board to act in the premises. The method by which the settlement receipt was obtained is questioned by plaintiff, and also by the board. We see

no occasion to discuss this question further than to say that inasmuch as the settlement receipt was not filed and approved, the board would be in no wise concluded by it.

It appears to be conceded that plaintiff was injured and entitled to compensation. The disagreement arises over the length of time he was entitled to it. In the event the parties could not agree as to this it was a proper question for the board to determine. This the board did do but counsel argue that its finding is not supported by the testimony.

It appears without question that plaintiff was severely injured on April 23d and that on July 17th he was still under the doctor's care and his left arm was in a sling, and that he was unable to make any use of it. The doctor advised him, at about this date, that he thought he could resume his work of watchman if he were careful. The doctor does not say he had fully recovered. Acting on the doctor's suggestion, plaintiff started for his place of employment but was injured before reaching there. He submitted this third injury to Dr. Hall, defendant's physician, and he remarked "that it was as bad as ever," and continued to treat him for several weeks thereafter. Dr. O'Donell, who treated him for the injury of March 7th, testified that the numbness of the fingers was probably due to an injury to the nerves when the shoulder was dislocated; that at the end of five or six weeks of treatment the injury was progressing nicely with good prospects for complete recovery. He also testified he had examined him within two or three days of the hearing and his arm at that time had lost 100% of its usefulness and, in his judgment, would never be any better. Measuring plaintiff's condition as described by Dr. O'Donell before his employment with defendant, with his condition as described on July 17th, we think it is open to a reasonable infer-

ence that plaintiff had not recovered on July 17th from his injuries of April 23d. Neither do we think the inference of the board that the injury of April 23d contributed to the injury of July 17th and was aggravated by it is unsupported by the evidence.

Just to what extent plaintiff's present condition is due to the original injury is somewhat difficult to determine. It may be inferred from Dr. O'Donell's testimony that the effect of the injuries of March 7th would have disappeared had it not been for the injury of April 23d. This, however, was a question of fact and we must assume that due consideration was given to it by the board.

The order of the industrial accident board is affirmed.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.