OLESZEK *v.* FORD MOTOR CO.

1. APPEAL AND ERROR—DIRECTED VERDICT.
   Where a verdict was directed in defendant's favor, the appellate court must view the testimony in the light most favorable to plaintiff.

2. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—REMEDY FOR INJURY—ACTION AT LAW BARRED.
   Where an employee was injured in the course of his employment, and both he and the employer were subject to the provisions of the workmen's compensation act, his remedy was a claim for compensation thereunder, and he is barred from maintaining an action at law for any damages resulting from said injury (2 Comp. Laws 1915, § 5426).

3. SAME—PROXIMATE CAUSE.
   Where the immediate agency causing the death or second injury is one which the first injury rendered it essential to employ, the employer is liable, under the workmen's compensation act, for the resulting death or injury.

4. SAME — INFECTION — LIABILITY OF EMPLOYER — INDEPENDENT CAUSE.
   The loss of plaintiff's leg, due to infection in a wound

On recovery for infection under workmen's compensation act, see note in L. R. A. 1918F, 876.

received during the course of his employment, was direct-
ly traceable to the original injury, and was not an in-
dependent cause, and failure of the hospital employees to
so treat the wound as to prevent or arrest the infection
would not defeat his right to compensation under the
act, which makes it the employer's duty to provide medical
or hospital services to an injured employee (2 Comp.
Laws 1915, § 5434).

Error to Wayne; Houghton (Samuel G.), J., pre-
siding.    Submitted October 7, 1921.    (Docket No.
60.)    Decided February 8, 1922.

Case by Joseph Oleszek against the Ford Motor
Company for personal injuries.  Judgment for defend-
ant on a directed verdict.    Plaintiff brings error.
Affirmed.

*Clarence P. Milligan,* for appellant.

*Henry C. Bogle,* for appellee.

SHARPE, J.    On September 15, 1916, the plaintiff,
an employee of the defendant at its plant in Highland
Park, while cleaning an oily, greasy floor, slipped and
fell, dislodging an iron pipe which in its fall struck
and injured his right leg a few inches above the shoe
top.    The extent to which there was an abrasion of
the skin does not appear.    He was removed by his
fellow workmen to a first-aid room provided by de-
fendant, in the plant.    Two young men, selected by
the doctors, in charge of this room and employed by
defendant, applied treatment to the wound, after which
plaintiff resumed work, being assigned a task at which
he could work sitting.    The next morning his wound
was examined and thereafter treated by one of the
hospital doctors.    He continued at work, though some-
what intermittently, until March 30, 1917, when he
was confined to his home.    Other doctors were then

employed by him. They diagnosed his trouble as necrosis of the bone and performed an operation, successful as they claimed, to relieve plaintiff therefrom. He thereafter resumed his work for defendant, but his leg continued to trouble him. On September 11th, he was taken by defendant's employees to the Ford Hospital. An operation was recommended, but was delayed until October 8th, when his leg was removed at the hip joint. After recovery therefrom, he resumed his employment with defendant and continued thereat until this suit was begun on July 26, 1919. Soon after, he was discharged by defendant's foreman.

The claim of the plaintiff is thus stated by his counsel:

"It was undisputed that the loss of plaintiff's leg was due to blood poisoning following infection subsequent to the original injury. On July 26, 1919, the plaintiff instituted suit against the Ford Motor Company under the common law, alleging in his declaration that the loss of his leg was due to the negligence of the defendant through its servants and agents in not giving plaintiff proper medical treatment at the time of the original injury."

At the conclusion of plaintiff's proofs, the trial court, on motion of defendant, directed a verdict in its favor for the reason that plaintiff's claim for compensation for disability should have been prosecuted under the provisions of the workmen's compensation act and that an action at law would not lie therefor. The plaintiff reviews the judgment entered by writ of error.

As a verdict was directed in the defendant's favor, the testimony must be viewed in the light most favorable to plaintiff's claimed right of action. When so considered, the following facts may be said to have been established:

(1) That plaintiff sustained an injury to his right

leg due to an accident arising out of and in the course of his employment.

(2) That as a result of the injury there was an open wound on his leg below the knee and that infectious germs entered such wound while he lay on the oily, greasy floor on which he had fallen.

(3) That, pursuant to the duty imposed on the defendant by the workmen's compensation act, both plaintiff and defendant being subject to its provisions, he was removed to a room in defendant's plant, where his wound was treated by men employed by defendant for that purpose.

(4) That these employees failed and neglected to administer such treatment as would prevent or arrest the action of such infectious germs, and, as a result, the wound became infected, the bone diseased, the infection spread, resulting, about 13 months thereafter, in the necessary amputation of the leg at the hip joint.

The defendant contends, and the trial court so found, that these facts would support a claim for compensation under the act and that plaintiff's right to recover must be so prosecuted. Under the provisions of the act (2 Comp. Laws 1915, § 5423 *et seq.*), the plaintiff is barred of his remedy for any damages, to which he would have been entitled at common law, which flow from the injury due to the accident. If, under the facts stated, compensation would have been awarded under the act, this action will not lie. Section 5426 (§ 4, part 1) provides:

\* \* \* "nor shall such employer be subject to any other liability whatsoever, save as herein provided for the death of or personal injury to any employee, for which death or personal injury compensation is recoverable under this act." \* \* \*

The question here presented may be thus stated: Under the facts as claimed by plaintiff, could recovery have been had under the provisions of the act? Where there is a right of recovery due to the original injury and the disability at the time of the hearing is directly

traceable thereto, the intervention of other and aggravating causes by which such disability has been increased, if the claimant is not himself to blame therefor, is no bar to his recovery. *Cook* v. *Charles Hoertz & Son*, 198 Mich. 129; *Reiss* v. *Manufacturing Co.*, 201 Mich. 90; *Cramer* v. *West Bay City Sugar Co.*, 201 Mich. 500; *Adams* v. *W. E. Wood Co.*, 203 Mich. 673. The rule is thus stated by the annotator in the note to *Della Rocca* v. *Stanley Jones & Co.*, 6 N. C. C. A. 624:

"Where the immediate agency causing the death or second injury is one which the first injury rendered it essential to employ, the employer has been held liable for the resulting death or injury."

Had plaintiff presented his claim for compensation to the board and supported it by proof of the accident and the resulting injury, of its treatment by defendant's employees, the failure of the wound to heal, the operation subsequently performed by which the diseased bone was removed, the spread of the infection to the upper part of his leg, necessitating its removal, can there be any question but that the board would have found that his disability due to the loss of his leg was caused by or directly traceable to the injury resulting from the accident? We think not. In making such claim, he would have been under no obligation to present for the consideration of the board the failure or neglect of the defendant's employees to render proper first-aid treatment.

Prior to the enactment of this law, no legal duty was imposed on an employer to provide medical or hospital service to an injured employee. Section 5434 (§ 4, part 2, of the act) provides:

"During the first three weeks after the injury the employer shall furnish, or cause to be furnished, reasonable medical and hospital services and medicines when they are needed."

The service rendered by defendant's employees, and of which plaintiff complains, was but a compliance by defendant with the duty imposed on it by the act. Clearly, it could not have interposed as a defense to plaintiff's claim for compensation the negligence of such employees in their failure to render proper first-aid treatment. Under plaintiff's proofs, no other conclusion could have been reached by the board than that the loss of plaintiff's leg was caused by the injury due to the accident, aggravated by the infection for which plaintiff was in no way to blame.

We have not overlooked plaintiff's claim that the loss of his leg was not caused by the injury resulting from the accident, but by the intervention of an independent cause, the failure of the hospital employees to so treat the wound as to prevent or arrest the infection. He relies upon the rule stated in *Ruth* v. *Witherspoon-Englar Co.*, 98 Kan. 179 (157 Pac. 403, L. R. A. 1916E, 1201), quoted in *Smith* v. *Building Co.*, 204 Mich. 9, 13. The quotation reads:

"In an action under the workmen's compensation act, a recovery can be had only upon the basis of disability to labor resulting from the injury received in the course of employment without the intervention of an independent cause, the separate consequences of which admit of definite ascertainment."

The rule stated is not discussed in that case, nor do we find it necessary to discuss it here. The contrary was held in *Booth & Flinn* v. *Cook*, 79 Okla. 280 (193 Pac. 36), to which we invite attention. It was said not to be applicable in *Smith* v. *Building Co.*, *supra*, nor do we find it applicable to the claim of the plaintiff here. The infectious germs were in the wound at the time of the claimed negligence of defendant's employees. The loss of his leg was due to the infection caused by these germs. The omission to so treat the wound as to prevent infection cannot be said

to have been "the intervention of an independent cause, the separate consequences of which admit of definite ascertainment." Dr. Jones, a witness called for plaintiff, testified:

"We have no recognized standard treatment to avoid an infection in a wound of that character. All the doctors have different methods of treatment. * * * Lots of times we do everything we can to combat infection; still, in spite of it all, we have infection; in spite of everything we can do we have infections."

We find nothing in the record to contradict or weaken the effect of this testimony.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, STONE, CLARK, MOORE, and STEERE, JJ., concurred. BIRD, J., did not sit.