OVERBEEK v. NEX.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—EMPLOYER SUBROGATED TO RIGHT OF ACTION FOR MALPRACTICE.

Where employee, after receiving compensation from employer for broken arm, received additional compensation because bones never knit, and, in consequence, arm was permanently twisted and lacked normal strength and ability, employee's right of action against physician for malpractice is barred; said right passing by subrogation to employer (2 Comp. Laws 1929, § 8454). McDONALD, C. J., and POTTER and SHARPE, JJ., dissenting.

Appeal from Allegan; Miles (Fred T.), J. Submitted October 20, 1932. (Docket No. 87, Calendar No. 36,766.) Decided January 3, 1933.

As to effect of malpractice of attending physician on right to compensation, see annotation in L. R. A. 1917D, 172 et seq.

Case by John Overbeek against Harry A. Nex for malpractice in the treatment of a broken arm. Verdict and judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plaintiff.

*Rodgers & Dunn,* for defendant.

BUTZEL, J.   John Overbeek, plaintiff, sustained severe injuries while loading a truck for his employer, the Hay Weaver Company.   The ulna of his left forearm was cracked, and the radius completely fractured, causing a displacement which protruded to the skin.   His employer took him to defendant, Dr. Harry A. Nex, who set the arm, and administered the subsequent treatment.   Upon application duly filed, plaintiff was allowed compensation, and an agreement was entered into with the insurers of the employer wherein compensation was fixed at $18 per week, with the period of disability undetermined.   After plaintiff had received $72, he declined a further payment of $36 tendered him on condition that he sign a final settlement receipt.   In a petition for further compensation, he alleged that the bones in his arm had never knit in proper position, and that, in consequence thereof, the arm was permanently twisted and lacked normal strength and ability.   He was allowed and paid the additional sum of $400, which he accepted in full settlement of his compensation claim.

Shortly thereafter, he brought suit against Dr. Nex, claiming malpractice, consisting of the latter's neglect to align the broken bones and to apply properly retaining splints to hold them in alignment, and of failure to take an X-ray after reducing

the fracture, etc. Plaintiff claims that, as a result of the malpractice, he has a crooked and deformed arm, impaired in its rotating movement and somewhat shorter than it was before the accident. Defendant appeals from a judgment rendered on the verdict of $1,000 in plaintiff's favor.

Defendant claims that, under 2 Comp. Laws 1929, § 8454, otherwise known as section 15 of part 3 of the workmen's compensation law of this State, plaintiff, by accepting compensation and signing a settlement receipt duly filed and approved by the department, made his election, and is precluded by the terms of the act from collecting from a third person for the same injury; that if the injury, for which compensation was paid, was caused by the negligence of a third party, upon election by the employee to accept compensation, any right of action passed by subrogation to the employer or its insurer; that if there is any liability on defendant's part, it is solely to the employer or its insurer, and no longer to plaintiff; that defendant cannot collect twice for the same injury, and that defendant, if he is liable and pays plaintiff, would nevertheless still remain liable to the employer under the act's provisions for subrogation, and thus be subjected to double liability. The section in question (8454, *supra*) reads as follows:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance

company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person.''

There is much force in plaintiff's claim, assuming that he has been permanently injured through defendant's negligence. It seems unfair to have defendant benefit by the provisions of the act, to plaintiff's disadvantage. The amount prescribed by the workmen's compensation act is limited. It is an average or compromise designed to permit compensation in all cases of industrial accidents arising out of and in the course of employment. It only provides for payment for a period limited by the statute, although the injuries may be permanent and continue for many years after compensation has ceased. Except to the extent that the cost of the insurance carried by the employer under the act is a burden upon industry, and that the public, as a whole, indirectly pays such cost through higher prices, the third party, who by his tortious act has caused the injury, had paid nothing towards that insurance. There is a contractual relationship between the employer and the employee under the act, while the third party has committed a tort against the employee. However, upon paying the compensation, the employer or his insurer, by the very terms of the act, is subrogated to the rights of the employee to recover against the third party for the tort to the extent that compensation has been paid.

The present action is brought against the defendant for an injury for which compensation has already been received by plaintiff. The injury arose out of and in the course of the employment. The doctor was hired by the employer; the treatment was necessary but was improperly administered. Plaintiff claims that he is not precluded from bring-

ing a suit by virtue of his application for and acceptance of the compensation. He relies largely on the case of *Smith* v. *Battjes Fuel & Bldg. Material Co.*, 204 Mich. 9, in which the industrial accident board found that the condition of the claimant was due to the original accident and not to any malpractice, and that the receipt of money from the doctor did not constitute an election within the meaning of the statute. It was sought to show that the employee's settlement with the doctor for malpractice constituted an election which released the employer. However, the court found that there was no malpractice; that the collection from the doctor was a gratuity, inasmuch as he had not been responsible; that the fact that a declaration alleging malpractice had been filed in the case against the doctor was not conclusive, and that the amount allowed for compensation was not affected at all by the unwarranted settlement for malpractice.

Likewise, in *Wood* v. *Vroman*, 215 Mich. 449, recovery was based upon malpractice in treating a condition which did not arise out of the worker's employment. The loss of the eye did not result from treatment of the injury received in the course of employment, but from the subsequent removal of a small ulcer discovered by defendant during his examination. This had no causal relation to the injury for which compensation was recovered, and the act obviously does not cover such a situation.

There may be some ambiguity in the Michigan statute, due to the absence of an express statement as to the act's application to the aggravation of original injuries as a result of negligent acts of third parties. In other jurisdictions, however, it has generally been held under similar acts that an employer must pay compensation for the aggravation of injuries arising out of the course of employ-

ment, caused by malpractice. *McDonough* v. *National Hospital Ass'n,* 134 Ore. 451 (294 Pac. 351); *Booth & Flinn, Ltd.,* v. *Cook,* 79 Okla. 280 (193 Pac. 36); *Gunnison Sugar Co.* v. *Industrial Com'n,* 73 Utah, 535 (275 Pac. 777). Our court has looked with favor upon this view. *Oleszek* v. *Ford Motor Co.,* 217 Mich. 318. Assuming that the employer is liable under the statute, there is no reason why a distinction should be made between the undisputed right of the employer to subrogate himself to the employee's rights against third parties responsible for the original injury and the right to subrogate himself when compensation has been paid for an aggravation caused by the malpractice of a third party.

It has been suggested that the employee may exercise his option to take compensation before he has discovered the effects of the malpractice and thus foreclose himself from any right against the physician. However, the acceptance of compensation for the original injury does not in any sense constitute an election under the statute. The employee retains his right against the third party until he has elected to accept compensation not only for the original injury but also for the aggravated condition resulting from the malpractice. Thus, if the evidences of new injuries caused by malpractice fail to make themselves apparent before the expiration of the time limit within which compensation must be claimed, the worker still has his rights against the physician, even though he may have accepted compensation for the original injury, as distinguished from its aggravation.

While other statutes embrace more just provisions, some stipulating that the employee be paid part or the entire amount collected by the employer, upon subrogation, over and above that sum which

has already been paid to the employee in compensation, and others providing that the worker may sue the tortfeasor first and collect as compensation the difference between the sum received from the tortfeasor and the amount he would be allowed under the compensation schedule, this is a matter for remedial action on the part of the legislature. We are powerless in the premises, and must adhere to the provisions of the present act.

It has been held in some jurisdictions that an employee retains his action for malpractice, notwithstanding the fact that he has already been compensated to the extent that the law permits by his employer. See *Hoehn* v. *Schenck,* 221 App. Div. 371 (223 N. Y. Supp. 418); *White* v. *Matthews,* 221 App. Div. 551 (224 N. Y. Supp. 559); *Viita* v. *Fleming,* 132 Minn. 128 (155 N. W. 1077, L. R. A. 1916D, 644, Ann. Cas. 1917E, 678); 29 Michigan Law Review, 568. On the other hand, the prevailing rule, as set forth in a large number of very recent cases, may be found in *Polucha* v. *Landes,* 60 N. D. 159 (233 N. W. 264), in which the court stated as follows:

"No reason is apparent to us why a condition that in common law actions for negligence is said to result proximately from the original injury may not also be said to result from the original injury in compensation cases, especially since the statute specifically authorizing the compensation to be paid considers the results rather than the original injury as the basis for compensation. There is no reason why one rule of causation should be applied in negligence cases at the common law and another rule in compensation cases. * * *

"We are of the opinion that a workman injured in the course of his employment, and thereafter sustaining an aggravation of his injuries due either to the act of the physician employed by the bureau or

to a physician reasonably employed by him, is entitled to compensation from the fund for the injuries sustained as so aggravated. Any other construction of this act, instead of providing the employee that sure and certain relief which the law has designed for his protection, would render him subject to the uncertainties of litigation for so much of his injuries as might be traceable to the negligence of his physician or surgeon and to the further contingency of the latter's financial responsibility.
\* \* \*

"This subrogation provision does not expressly confine the right of subrogation to a cause of action against a third person for the original injury sustained in the course of the employment, but it subrogates the fund to any cause of action against a third person for a compensable injury."

To like effect are: *Revell* v. *McCaughan,* 162 Tenn. 532 (39 S. W. [2d] 269); *McDonough* v. *National Hospital Ass'n, supra; Williams* v. *Dale,* 139 Ore. 105 (8 Pac. [2d] 578); *Vatalaro* v. *Thomas,* 262 Mass. 383 (160 N. E. 269); *Pawlak* v. *Hayes,* 162 Wis. 503 (156 N. W. 464, L. R. A. 1917 A, 392).

An examination of the statutes of the various States where the question has been passed upon shows that there is not any material difference on which a distinction can be based in that regard between these statutes and our own act. The election provisions in some of the acts of other States are more liberal than ours, as has been pointed out, and broaden considerably the rights of the employee. So far as the rights of election and subrogation are concerned, however, there is no difference in language on which we can justify a holding under these acts finding liability and the right of subrogation in case of aggravation and yet deny such a right under our statute. An attempt to differentiate *Polucha* v. *Landes, supra,* cannot be based on the

language of the preamble of the workmen's compensation act of North Dakota, which awards compensation—

"to the exclusion of every other remedy  *  *  * except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the State over such causes are hereby abolished, except as in this act provided." (North Dakota Comp. Laws Supp. 1925, § 396a1.)

The preamble to the Michigan act declares its purpose as—

"restricting the right to compensation or damages in such cases to such as are provided by this act."

Both preambles deal with the liability of the employer and do not seek to define the liability of third parties. The North Dakota act resembles that of Michigan in failing to provide for aggravation of injuries, and the last paragraph in regard to the right of subrogation is equally applicable to the provisions of our act.

Under the circumstances of the present case, we are constrained to hold that in accepting compensation from the employer, whatever right of action plaintiff had against the defendant passed by subrogation to the employer. The judgment rendered herein must be reversed, without a new trial. Defendant will recover costs.

CLARK, NORTH, FEAD, and WIEST, JJ., concurred with BUTZEL, J.

SHARPE, J. For reasons stated in *Vayda* v. *De-Witt, post*, 165, I dissent.

McDONALD, C. J., and POTTER, J., concurred with SHARPE, J.