GRIGGS v THE BUDD COMPANY

Docket No. 78-2095. Submitted February 22, 1979, in Detroit.—Decided June 6, 1979. Leave to appeal applied for.

Ida Griggs sustained, in the course of her employment with The Budd Company, an aggravation of a previously existing nonoccupational back injury and was paid workmen's compensation benefits. During her period of disability she suffered a further aggravation of her condition in a bus accident. She recovered damages for her injuries from the bus company. Her employer sought reimbursement of compensation paid from the proceeds of the recovery. The Workmen's Compensation Appeal Board denied reimbursement on the ground that the third party's liability did not arise out of the same work-related incident that gave rise to the employer's liability for payment of compensation. The Budd Company appeals by leave granted. *Held:*

An employer may be liable for payment of compensation for aggravation of an injury. If such liability exists, the employer is entitled to reimbursement out of the proceeds of a recovery from a third party whose negligence caused an aggravation. Reimbursement is to be limited to only that portion of the recovery which represents compensation for the aggravation of the existing injury. No reimbursement is due for that portion of the recovery of damages attributable to an injury readily distinguishable from the injury for which the employer must pay compensation.

Reversed and remanded.

1. WORKMEN'S COMPENSATION — AGGRAVATION OF EXISTING INJURY — LIABILITY FOR PAYMENT OF COMPENSATION.

An employer may be liable to pay workmen's compensation benefits for aggravation of a compensable injury by a subsequent intervening cause; the disability resulting from the aggravation is traceable to the original injury, and thus compen-

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 333 *et seq.*
[2] 82 Am Jur 2d, Workmen's Compensation § 430 *et seq.*
[3] 81 Am Jur 2d, Workmen's Compensation §§ 65, 77.
   82 Am Jur 2d, Workmen's Compensation § 429.

sable, if the second injury follows as a sequence and is a natural result of the original injury.

2. WORKMEN'S COMPENSATION — AGGRAVATION OF EXISTING INJURY — THIRD PARTY'S NEGLIGENCE.

The negligence of a third party is not a superseding intervening cause of aggravation of a compensable injury to an employee if the negligence is reasonably foreseeable and does not produce an injury different in kind or wholly disconnected from the original injury.

3. WORKMEN'S COMPENSATION — THIRD PARTIES — AGGRAVATION OF EXISTING INJURY — REIMBURSEMENT TO EMPLOYER.

An employer who must pay compensation for the aggravation of an employee's existing compensable injury is entitled to reimbursement from a recovery against a negligent third party who caused a further aggravation to the extent that the employer has paid compensation for that aggravation; if the third party caused separate consequences the employer need not pay compensation for such consequences and, therefore, has no right to recover reimbursement from the third party for those consequences.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Rodger G. Will*), for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell*), for defendant.

Before: ALLEN, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

R. B. BURNS, J. Plaintiff worked for defendant as a storeroom attendant, dispensing tools and materials. On September 8, 1972, she suffered a compensable disabling aggravation of a previously existing nonoccupational back injury while cutting cable in the storeroom. She was subsequently hospitalized, and underwent back surgery. In August, 1973, she was still disabled with back trouble, but on the road to recovery. Unfortunately, she then

suffered a further aggravation of the back injury when a bus in which she was a passenger struck a pavement obstruction. She was thrown up against the bus ceiling, back into the seat, and then forward, striking her head on a post. She sued the bus authority, alleging, *inter alia,* aggravation of her back injury. The suit was settled before trial. Defendant argued before the Workmen's Compensation Appeal Board that it was entitled under MCL 418.827; MSA 17.237(827) to reimbursement for payment of compensation from plaintiff's settlement with the third-party tortfeasor. The board denied reimbursement because the statute appears by its language to apply only where the third party's liability arose out of the same work-related incident giving rise to the employer's liability for compensation. Defendant appeals.

Although the language of MCL 418.827(1); MSA 17.237(827)(1) supports the board's interpretation, the Supreme Court has given the statute a more expansive interpretation. An employer may be liable for compensation for aggravation of a compensable injury by a subsequent intervening cause. See, *e.g., Oleszek v Ford Motor Co,* 217 Mich 318; 186 NW 719 (1922). Interpreting a predecessor of the instant statute, the Supreme Court, in *Overbeek v Nex,* 261 Mich 156; 246 NW 196 (1933), inferred from the absence of an express statement as to the statute's application to the aggravation of original injuries as a result of negligent acts of third parties an intention by the Legislature to allow subrogation where the employer has paid compensation for the aggravation. The Court reasoned that there is no valid distinction between allowing an employer to be subrogated to the rights of an employee against those third parties responsible for the original injury and those third

parties responsible for an aggravation of the original injury.

Although the statute interpreted in *Overbeek* has since been amended, no amendment has significantly changed the language relied upon by the board in this case, and the statute still does not address the aggravation issue. The Legislature may be presumed to have acquiesced in the *Overbeek* interpretation. See, *e.g., Magreta v Ambassador Steel Co,* 380 Mich 513, 519-520; 158 NW2d 473, 475-476 (1968). Thus, defendant's right to reimbursement turns upon its liability to pay compensation for the aggravation. See *Osment v Charnley,* 65 Mich App 155, 159; 237 NW2d 226, 228 (1975), *lv den* 397 Mich 835; 244 NW2d 103 (1976).

The same rules of causation applicable in negligence cases apply in compensation cases in the determination of whether an employer is liable for aggravation of an injury caused by third parties. *Overbeek v Nex, supra,* at 162; 246 NW at 198-199.

"Where there is a right of recovery due to the original injury and the disability at the time of the hearing is directly traceable thereto, the intervention of other and aggravating causes by which such disability has been increased, if the claimant is not himself to blame therefor, is no bar to recovery." *Oleszek v Ford Motor Co, supra,* at 321-322; 186 NW at 721.

A disability is "traceable" if "the second injury follows as a sequence and natural result of the original injury". *Crawley v General Motors Truck Corp,* 259 Mich 503, 505; 244 NW 143 (1932). The negligence of a third party is not a superseding intervening cause if the negligence is reasonably foreseeable and does not produce an injury different in kind, or wholly disconnected from, the

original injury. *Comstock v General Motors Corp,* 358 Mich 163, 178-179; 99 NW2d 627, 635; 78 ALR2d 449, 458-459 (1959), *Crawley v General Motors Truck Corp, supra,* at 506; 244 NW at 144. The separate consequences of the intervening cause must "admit of definite ascertainment". *Oleszek v Ford Motor Co, supra,* at 323; 186 NW at 721.

Although *Oleszek,* and the cases applying *Oleszek* where aggravation of existing injury has been alleged, see *Martin v Ford Motor Co,* 401 Mich 607, 619; 258 NW2d 465, 470 (1977), *Overbeek v Nex, supra, Crawley v General Motors Truck Corp, supra, Osment v Charnley, supra,* all involve situations where the aggravation was alleged to have been caused by medical malpractice or complications in the treatment of injury, medical malpractice is not the only aggravating factor for which an employer may remain liable for compensation, and hence, entitled to subrogation. See *Overbeek v Nex, supra,* at 162; 246 NW at 198-199. Rather, the cases merely reflect the application of a particular rule of causation concerning aggravation of injuries through medical malpractice. See *Martin v Ford Motor Co, supra.* An aggravating factor analogous to the instant situation was that in *Adams v W E Wood Co,* 203 Mich 673; 169 NW 845 (1918). There, a workman refractured his arm when shoved or crowded into the door frame of a street car by other passengers.

Defendant asserts that it is entitled to the total amount of plaintiff's recovery against the bus authority, minus the expenses of recovery. MCL 418.827(5); MSA 17.237(827)(5). However, defendant is entitled only to that portion of the settlement which may be considered compensation for the aggravation of the existing injury. The basic

premise in *Overbeek v Nex, supra,* was that, if the employer must pay compensation *for the aggravation,* he is entitled to reimbursement from the third party for what he has paid. However, if the third party caused "separate consequences * * * which admit of definite ascertainment", *Oleszek v Ford Motor Co, supra,* at 323; 186 NW at 721,[1] the employer need not pay compensation for such consequences, and thus, has no right to recover reimbursement from the third party for those consequences.[2] Thus, in the instant case, plaintiff's settlement with the bus authority may have included a portion attributable to the damage suffered when she struck her head against the post, an injury readily distinguishable from the injury for which the employer must pay compensation.

The board applied an incorrect legal standard in its determination as to whether defendant was entitled to reimbursement for payment of compensation for aggravation of the injury. Reversed and remanded for a determination of whether and to what extent defendant is entitled to reimbursement.

---

[1] Although the Supreme Court found it unnecessary to adopt this standard in *Oleszek,* it is a sensible one. Assume an employee suffered a compensable back injury. He is involved in an accident in which he loses his arms, and suffers a very minor aggravation of the back injury. It would not make any sense to allow the employer to be reimbursed from the damages for loss of the arms, merely because there was an incidental minor aggravation of the back injury, where the separate damages admit of definite ascertainment.

[2] Distinguish the separate issues of whether defendant is entitled to reimbursement and the extent of reimbursement. If the injuries caused by the third party aggravate the prior injury and do not admit of definite ascertainment, causation is established, even if there are separate, ascertainable additional injuries. The issue then becomes, to what extent can the different injuries be ascertained and the settlement apportioned.