POWELL v KEELER BRASS COMPANY

Docket No. 69983. Submitted December 12, 1983, at Grand Rapids.—
Decided June 4, 1984. Leave to appeal applied for.

Plaintiff, Pamela Powell, an employee of defendant, Keeler Brass
Company, was injured in a work-related accident on August 3,
1967, when her left forearm was crushed in a power press.
Plaintiff was off work for approximately five years and received
compensation benefits totaling $20,959 from defendant. Plaintiff
received a judgment of $79,510 in a federal court action against
the manufacturer of the press and defendant was fully reim-
bursed therefrom for the benefits it paid. Plaintiff thereafter
returned to employment with defendant in June, 1972. Subse-
quently, a metal nail securing bone grafts in her forearm broke
and plaintiff required additional reconstructive surgery. Inci-
dents indicating the breaking of the nail occurred in January
or February or June of 1973. Plaintiff petitioned for workers'
compensation benefits in October, 1973. A hearing referee,
finding that plaintiff did not incur a new injury, awarded
benefits but provided for a setoff from the prior third-party
judgment. The Workers' Compensation Appeal Board reversed,
finding that plaintiff suffered new and additional injuries in
1973 and ordering defendant to pay continuing compensation
for plaintiff's new disability. No appeal was taken therefrom,
however, defendant refused to commence payment of weekly
benefits. Plaintiff then filed an action in the Kent Circuit Court
seeking to enforce the WCAB's award. Defendant claimed the
right to a credit from plaintiff's third-party recovery. The
circuit court denied plaintiff's request for a judgment on the
setoff issue and held that the matter should be decided by the
WCAB. Plaintiff appealed to the Court of Appeals which, in an

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 571.
   53 Am Jur 2d, Master and Servant §§ 404-407.
   81 Am Jur 2d, Workmen's Compensation § 77.
   82 Am Jur 2d, Workmen's Compensation §§ 344, 423.
[2] 82 Am Jur 2d, Workmen's Compensation § 658.
   Tort liability of worker's compensation insurer for wrongful delay
   or refusal to make payments due. 8 ALR4th 902.

unpublished per curiam opinion, Docket No. 43202, December 28, 1979, affirmed and remanded to the WCAB for clarification of defendant's right to a setoff. On remand, the WCAB held that defendant was not entitled to any further setoff against plaintiff's third-party recovery since the 1973 injury was a new injury which did not create liability in a third party. Defendant appeals by leave granted. *Held:*

1. Reimbursement or credit out of an employee's third-party recovery obtained for an injury is available to an employer only to the extent that compensation benefits are paid for that same injury. Reimbursement or credit is not available for compensation payable for a new injury from which no third-party liability arises.

2. Since the 1973 injury was determined to be a new injury and since no third-party liability arose out of the 1973 injury, reimbursement or credit from plaintiff's prior third-party recovery was not available.

3. There is no indication that plaintiff's third-party recovery included any compensation for her 1973 injury, therefore, plaintiff did not receive a double recovery.

4. The WCAB did not err in awarding 12% interest on all compensation payments from the date each payment was due.

Affirmed.

1. Workers' Compensation — Third-Party Recovery — Reimbursement of Benefits.

The workers' compensation statute regarding third-party liability for injury and the employer or insurer's right to reimbursement applies only where the injury for which compensation is payable was caused under circumstances creating a legal liability in a third party; reimbursement or credit out of a third-party recovery is available to an employer only to the extent that compensation benefits are paid for that same injury and is not available for compensation payable for a new injury from which no third-party liability arises (MCL 418.827; MSA 17.237[827]).

2. Workers' Compensation — Late Payments — Interest Penalty.

The Worker's Disability Compensation Act provides that, when weekly compensation is paid pursuant to an award of a hearing referee, the Workers' Compensation Appeal Board, or a court, interest on the compensation shall be paid at the rate of 12% per annum from the date each payment was due, until paid (MCL 418.801[5]; MSA 17.237[801][5]).

*McCroskey, Feldman, Cochrane & Brock* (by *J. Walter Brock*), for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells*), for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON and R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. Defendant appeals by leave granted from a February 4, 1983, decision and order of the Workers' Compensation Appeal Board finding that plaintiff was entitled to benefits for a work-related injury sustained in February and June, 1973, and denying defendant's request that benefits currently due be offset by a third-party recovery obtained by plaintiff in compensation for a prior personal injury. We affirm.

Plaintiff is employed by defendant, Keeler Brass Company. On August 3, 1967, her left forearm was severely crushed in a power press accident. The injury necessitated bone and tendon grafts and other reconstructive surgery. She was off work for approximately five years, and defendant, a self-insured employer, paid compensation benefits for the injury totaling $20,959. Plaintiff filed a federal action against the manufacturer of the press and received a judgment in the amount of $79,510. The benefits paid by defendant were fully reimbursed out of the third-party judgment pursuant to MCL 418.827; MSA 17.237(827).

Plaintiff returned to employment with defendant on June 17, 1972, and was given favored work as a timekeeper. In January or February, 1973, plaintiff was placing some papers in a file drawer when a bump appeared on her left forearm in the area of the previous injury. Plaintiff did not experience

---

* Circuit judge, sitting on the Court of Appeals by assignment.

any pain and she continued to work. On June 14, 1973, plaintiff was sharpening a pencil when she felt a snap and a sharp pain in her left arm. She was unable to continue working because of the pain. X-rays subsequently revealed that the surgically-inserted metal nail securing the bone grafts had broken. Since the area around the nail had not fully healed, further deformity resulted. In July, 1975, plaintiff underwent additional reconstructive surgery.

Plaintiff filed a petition for workers' compensation benefits on October 11, 1973. A hearing referee found that plaintiff did not incur a new injury in January, February, or June of 1973. He awarded benefits but provided for a setoff from the prior third-party judgment. The appeal board reversed, finding that plaintiff suffered new and additional injuries in 1973 and ordering defendant to pay continuing compensation for plaintiff's new disability.

Although no appeal was taken from the order, defendant refused to commence payment of weekly benefits. Plaintiff filed an action in the Kent County Circuit Court to enforce the WCAB's award. Defendant argued that the appeal board's decision was ambiguous as to defendant's right to a credit from plaintiff's third-party recovery. The circuit court denied plaintiff's request for a judgment on the setoff issue and held that the matter should be decided by the WCAB.

Plaintiff appealed from the dismissal of her circuit court action and this Court, in an unpublished per curiam opinion, Docket No. 43202, December 28, 1979, affirmed and remanded to the WCAB for clarification of defendant's right to a setoff. On remand, the WCAB held that defendant was not entitled to any further setoff against

plaintiff's third-party recovery since the 1973 injury was a new injury which did not create liability in a third party. Defendant appeals.

The pertinent statute is MCL 418.827; MSA 17.237(827), which provides in part:

"(1) *Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof,* the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence the action within 1 year after the occurrence of the personal injury, then the employer or carrier, within the period of time for the commencement of actions prescribed by statute, may enforce the liability of such other person in the name of that person. * * *

\* \* \*

"(5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits.

"(6) Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting recovery. Attorney fees, unless otherwise agreed

upon, shall be divided among the attorneys for the plaintiff as directed by the court. Expenses of recovery shall be apportioned by the court between the parties as their interests appear at the time of the recovery." (Emphasis added.)

By its terms the statute applies only where *the injury for which compensation is payable* was caused under circumstances creating a legal liability in a third party. In other words, where a third-party recovery is obtained for an injury, reimbursement or credit out of that recovery is available to an employer only to the extent that compensation benefits are paid for that same injury. Reimbursement or credit is not available for compensation payable for a new injury from which no third-party liability arises. In *Pitoniak v Borman's, Inc,* 104 Mich App 718; 305 NW2d 305 (1981), *lv den* 411 Mich 1049 (1981), the plaintiff, a cashier employed by defendant Borman's, injured her knee in a nonwork-related automobile accident. She instituted a lawsuit against the driver of the other car involved in the accident and received a settlement. When the plaintiff returned to work after recovering from the accident, she developed further problems with her knee and was unable to continue working. The WCAB found that the plaintiff had proven work-related aggravation of her previous injury and was entitled to compensation. It also found that the defendants were not entitled to a credit for compensation benefits out of the third-party recovery. A panel of this Court affirmed, holding:

"The board apparently held the work-related aggravation of plaintiff's injury to be entirely separate from the original damage, thus precluding reimbursement under § 827. Apparently defendants claim that since the plaintiff could have recovered for the work-related aggrava-

tion of her knee injury from the tortfeasor, the employer and/or its carrier is entitled to reimbursement or a credit. Defendants cite no four-square authority for this proposition but say that to hold otherwise would approve a windfall to the plaintiff contrary to *Epps v Mercy Hospital,* 69 Mich App 1; 244 NW2d 340 (1976). *We believe that the appeal board did not err but that reimbursement is only available where the injury for which compensation is payable under the act was caused by and creates liability in a third party."* (Emphasis added.) 104 Mich App 729-730.

Defendant relies on *Griggs v Budd Co,* 90 Mich App 649; 282 NW2d 431 (1979), *lv den* 407 Mich 928 (1979), a case which we find to be clearly distinguishable. In *Griggs* the plaintiff suffered a work-related aggravation of a back injury while employed by defendant. She received compensation for the injury. Plaintiff was disabled but recovering when she suffered further aggravation of the back injury while in a nonwork-related bus accident. She brought an action against the bus authority and recovered a settlement, and defendant subsequently sought reimbursement out of the third-party recovery. The WCAB denied reimbursement and a panel of this Court reversed. The Court observed that an employer may be liable for compensation for aggravation of a compensable injury by a third party where the aggravation follows as a sequence and natural result of the original injury or where the intervening cause is reasonably foreseeable and does not produce an injury different in kind, or wholly disconnected, from the original injury. The *Griggs* Court permitted reimbursement, finding that the defendant's right to reimbursement turned upon its liability to pay compensation for the aggravation.

In *Griggs,* unlike the present case, the second or aggravating injury for which compensation was

payable was the same injury which created liability in a third party. In the instant case the WCAB determined that plaintiff sustained a new work-related injury in February or June, 1973. No appeal was taken from the board's factual findings and there is no basis for disputing this aspect of the board's decision. We find that, since the 1973 injury was factually determined to be a new injury and since no third-party liability arose out of the 1973 injury, reimbursement or credit from the prior third-party recovery was not available under the statute. We agree with the following conclusion of the WCAB:

"The instant case presents us with the exact opposite factual situation from those involved in the medical treatment aggravational cases and *Griggs, supra.* Here, it was plaintiff's original August 3, 1967, work-related injury which simultaneously created the third party liabilities, and for which she successfully recovered at law. Defendant has been properly and fully reimbursed for the compensation which it paid for plaintiff's original compensable injuries. Plaintiff's subsequent injuries in January or February, 1973, and on June 14, 1973, were in no manner 'caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages * * *.' Therefore, there is no legal or statutory basis whatsoever for giving defendant any reimbursement or future credit rights out of the proceeds of plaintiff's previous third party recovery with respect to the compensation which it is obligated to pay for her 1973 injuries."

We also observe that there is nothing to indicate that plaintiff's recovery against the manufacturer of the press included any compensation for her 1973 injury. Denying defendant's claim for a credit does not amount to a double recovery for plaintiff.

Finally, the WCAB did not err in awarding 12%

interest on all compensation payments from the date each payment was due. MCL 418.801(5); MSA 17.237(801)(5); *Selk v Detroit Plastic Products,* 419 Mich 1; 345 NW2d 184 (1984).

Affirmed.