OLIVER *v.* FORD MOTOR CO.

1. APPEAL AND ERROR—EVIDENCE—DIRECTED VERDICT.
   On appeal from verdict for defendants directed at close of plaintiff's case, testimony must be construed in light most favorable to him.

2. MASTER AND SERVANT—NEGLIGENCE—PHYSICIANS AND SURGEONS.
   Employer who uses reasonable care in the selection of physician or surgeon who is reasonably competent is not chargeable with his want of skill in the performance of the service he is required to render.

3. SAME—DIRECTED VERDICT FOR EMPLOYER.

Directed verdict for defendant employer in action by employee for injuries alleged to have been suffered because of negligence in the selection of staff members in the first aid department was justified where record contains no sustaining testimony.

4. SAME—QUESTION FOR JURY—PHYSICIANS AND SURGEONS—MASSEUR.

Evidence *held,* to justify inference that treatment accorded employee by masseur in employ of corporation in first aid department was improper and thereby presented an issue of fact for the jury.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 3, 1934. (Docket No. 1, Calendar No. 37,249.) Decided June 4, 1934.

Case by Theodore Oliver against Ford Motor Company, a corporation, and Albert Lundgren for alleged negligent treatment at first aid department. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed as to defendant Ford Motor Company. Reversed as to defendant Lundgren.

*Edward J. Dwyer* and *William J. Hennes,* for plaintiff.

*Douglas, Barbour, Desenberg & Purdy,* for defendant Ford Motor Company.

*Longley, Bogle & Middleton,* for defendant Lundgren.

NORTH, J. Plaintiff, an employee of the Ford Motor Company, received treatment in the company's first aid department. The Ford Motor Company employed in this department as a Swedish masseur the defendant Albert Lundgren. It also

employed a Dr. Hayes under whose direction Lundgren rendered his services. Plaintiff alleges that he sustained serious bodily injuries incident to the treatment administered by Lundgren, and plaintiff seeks to recover damages therefor. Recovery is sought upon the theory that the Ford Motor Company was negligent in that it employed in its first aid department Dr. Hayes and defendant Lundgren each of whom is alleged to have been incompetent to render the services required by employees treated therein, and as against Lundgren recovery is sought on the ground of alleged negligent treatment. At the conclusion of plaintiff's case the trial judge directed a verdict in favor of defendants on the ground that there was no testimony tending to establish the alleged negligence. Plaintiff has appealed.

Decision herein turns upon whether the record discloses any competent testimony tending to sustain plaintiff's claim as against either of the defendants. The testimony must be construed in the light most favorable to plaintiff. As to the duty of the Ford Motor Company the following quotation is applicable:

"The law is well settled that the only duty imposed upon the defendant is the duty to exercise reasonable care in the selection of the physicians and surgeons who are reasonably competent, and having exercised this duty, the company is not chargeable with the want of skill of the physician or surgeon whom it has selected, in the performance of the service he is required to render." *Barden* v. *Railway Co.*, 152 N. C. 318 (67 S. E. 971, 49 L. R. A. [N. S.] 801), citing numerous authorities.

See, also, *Powers* v. *Massachusetts Homeopathic Hospital,* 47 C. C. A. 122 (109 Fed. 294, 65 L. R. A.

372); *Tutino* v. *Ford Motor Co.,* 111 N. J. Law, 435 (168 Atl. 749); *O'Brien* v. *Cunard Steamship Co.,* 154 Mass. 272 (28 N. E. 266, 13 L. R. A. 329); *Laubheim* v. *De Koninglyke Nederlandsche Stoomboot Maatschappy,* 107 N. Y. 228 (13 N. E. 781, 1 Am. St. Rep. 815). The record in the instant case contains no testimony tending to sustain plaintiff's charge of negligence as against the Ford Motor Company, and it follows the trial judge was correct in directing verdict accordingly.

As to defendant Ford Motor Company judgment is affirmed, with costs.

The following facts are pertinent to a determination of this appeal as to defendant Lundgren. Plaintiff being afflicted with a severe headache was directed or permitted by his superior to go to Dr. Hayes. Upon being advised by plaintiff of his condition, Dr. Hayes directed plaintiff to report to Lundgren for treatment. Plaintiff followed directions and received treatment from Lundgren. In this connection plaintiff alleges Lundgren did not treat plaintiff for said sickness skillfully and with due care, but, on the contrary, was negligent and unskillful in diagnosing plaintiff's ailment and in treating him, resulting in physical injury to plaintiff, either total or partial loss of eyesight and impairment of his ability to continue in his former occupation. Relative to the treatment administered by Lundgren plaintiff testified:

"*A.* He (Lundgren) got on the right side, and he caught a hold of my head and in such a way, and he give me quick jerk. * * *.

"*Q.* What did he do then?

"*A.* Give me a quick jerk toward the right.

"*Q.* Was it a hard jerk?

"*A.* Terribly hard.

"*Q*. What was the result of that jerk?

"*A*. The result, I feel at once a change in my whole body, a terrible change.

"*Q*. Can you describe to the jury just what that change was, how you felt?

"*A*. I felt terrible dizziness and numbness, spell was terrible, that I could hardly stand any longer there, terrible feeling all through my body."

As to whether the treatment which plaintiff claims was administered was proper, the record contains the testimony of Lundgren which in part is as follows:

"*Q*. In treating a patient, did you ever practice by taking a hold of his chin and head and twisting it violently?

"*A*. No, sir.

"*Q*. Does that come within the practice of a Swedish masseur?

"*A*. No, sir.

"*Q*. Just what does your work cover?

"*A*. Cover, by manipulation, massaging, loosening up congestion, and stimulating the circulation.

"*Q*. Do you twist the different limbs and the body?

"*A*. No.

"*Q*. Suddenly twist them?

"*A*. No. * * *

"*Q*. Are you familiar with the general practice of masseurs in this community in the treating of slight headaches?

"*A*. Yes.

"*Q*. What is that treatment?

"*A*. Well, it is manipulation, back of the neck, the muscles."

Lundgren denied treating plaintiff in the manner claimed by the latter. We think it is a fair inference from Lundgren's testimony that such treatment, if administered by a masseur, was improper.

The testimony presents an issue of fact which should have been submitted to the jury, and it was error for the circuit judge to hold otherwise as to defendant Lundgren.

In this particular the judgment entered in the circuit court will be vacated and a new trial ordered. Appellant will have costs against defendant Lundgren.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.