PANKOW v SABLES

1. Motions—Summary Judgment—Allegations of Fact—Pleading —Cause of Action—Court Rules.

The allegations of fact in a plaintiff's complaint are to be taken as true for purposes of deciding whether, as a matter of law, the plaintiff has stated a cause of action against the defendant, where a motion for summary judgment based upon a failure to state a cause of action is brought by the defendant (GCR 1963, 117.2[1]).

2. Workmen's Compensation—Medical Malpractice—Insurance Carriers—Liability—Agents—Preponderance of Evidence— Principal and Agent.

A workmen's compensation insurance carrier may be liable, as a matter of law, to a plaintiff employee for any damages caused by the medical malpractice of a defendant physician to whom the defendant insurance carrier referred the plaintiff as agent for the carrier where the plaintiff establishes by a preponderance of the evidence the allegations in his complaint for damages for the alleged medical malpractice of the defendant physician as agent for the carrier for which the defendant carrier would be liable as a principal.

3. Workmen's Compensation—Medical Malpractice—Liability— Third Persons—Insurance Carriers—Agents—Statutes.

A provision in the workmen's compensation law regarding third person liability for injury permits a suit by an employee against his employer's workmen's compensation insurance carrier for damages caused by the medical malpractice of a physician to whom the carrier referred the employee, as agent for the carrier; the carrier is a third party for purposes of this

References for Points in Headnotes

[1, 5] 61 Am Jur 2d, Pleading § 229 et seq.

[2–4] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 220.
82 Am Jur 2d, Workmen's Compensation § 430.
Right to maintain malpractice suit against injured employee's attending physician notwithstanding receipt of workmen's compensation award. 28 ALR3d 1066.

[6] 73 Am Jur 2d, Subrogation § 40.

section of the law and does not stand in the shoes of the employer (MCLA 418.827[1], [5]; MSA 17.237[827] [1], [5]).

4. WORKMEN'S COMPENSATION—MEDICAL MALPRACTICE—PHYSICIANS— INSURANCE CARRIERS—EMPLOYEE—EMPLOYER—STATUTES.

A plaintiff-employee is precluded, as a matter of law, from asserting a malpractice claim against the physician or professional corporation to whom he was referred by his employer's workmen's compensation insurance carrier where either the physician or the professional corporation is an employee of the same employer as the plaintiff-employee (MCLA 418.827[1]; MSA 17.237[827] [1]).

5. JUDGMENT—SUMMARY JUDGMENT—APPEAL AND ERROR—WORK- MEN'S COMPENSATION—MEDICAL MALPRACTICE—PHYSICIANS— AGENTS—EVIDENCE.

Summary judgment was improvidently and prematurely granted to a workmen's compensation insurance carrier in an action by an employee against his employer's workmen's compensation insurance carrier for damages caused by the medical malprac- tice of a physician to whom the carrier referred the employee as agent for the carrier, where it is possible the plaintiff-em- ployee can offer evidence and prove both the existence of an agency relationship between the carrier and the physician and that the physician was guilty of medical malpractice.

6. WORKMEN'S COMPENSATION—INSURANCE CARRIER—SUBROGATION— MEDICAL MALPRACTICE—PHYSICIANS—AGENTS—STATUTES.

A workmen's compensation insurance carrier is entitled to be subrogated to any recovery a plaintiff-employee might obtain in an action by the employee for damages caused by the medical malpractice of a defendant physician to whom the carrier referred the employee as agent for the carrier (MCLA 418.827[5]–[7]; MSA 17.237[827] [5]–[7]).

Appeal from Macomb, Robert J. Chrzanowski, J. Submitted June 24, 1977, at Detroit. (Docket No. 31007.) Decided October 25, 1977.

Complaint by Wayne Pankow and Florence Pan- kow against Ronald J. Sables, M.D., Macomb Or- thopedic Associates, P. C., and Bituminous Casu- alty Company for damages arising out of alleged medical malpractice. Summary judgment for de-

fendant Bituminous Casualty Company. Plaintiffs appeal. Reversed and remanded.

*Frank R. Langton,* for plaintiffs.

*Samuel A. Garzia,* for defendant Bituminous Casualty Company.

Before: Beasley, P. J., and V. J. Brennan and J. R. McDonald,* JJ.

Beasley, P. J. This case involves a claim for damages arising out of alleged medical malpractice and is brought by an employee and his wife (hereafter jointly referred to as the plaintiff) against his employer's workmen's compensation insurance carrier and the physician to whom the carrier referred him. The case is one of the first in this state where, after receiving workmen's compensation benefits, a plaintiff-employee, in a third-party action, seeks damages from a workmen's compensation insurance carrier for alleged medical malpractice.

In the volatile field of third-party litigation under workmen's compensation, a relatively new development is the attempt to treat the compensation carrier as a third party for purposes of tort suit based on alleged negligence in either safety inspections or medical services.[1]

The record indicates that in March, 1972, plaintiff, Wayne Pankow, suffered a back injury while in the employ of LaSalle Machine Tool Company. Claiming workmen's compensation benefits, he was referred to defendants, Macomb Orthopedic Associates, P. C. and Ronald J. Sables, M.D., by defend-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *See,* 2A Larson's Workmen's Compensation Law, § 72.90, p 14–123 *et seq.*

ant, Bituminous Casualty Company, the work-men's compensation insurance carrier for his employer. Plaintiff continued treatment with defendant, Dr. Sables, for about three years, during which time surgery was three times performed. In April, 1976, plaintiff started suit for damages for alleged malpractice against defendants, Dr. Sables, the professional corporation and insurance company. His claim against the insurance company is on the theory that the physicians were agents of the compensation insurance carrier.

Plaintiff alleged in his complaint that Dr. Sables "acted as the agent of Defendant, BITUMINOUS CASUALTY COMPANY in the course of medically evaluating the claims of its insureds and on their beneficiaries" and that Dr. Sables "made reports of these evaluations and treatment to * * * [Bituminous] on a regular basis and in the course of * * * [the doctor's] role as agent of * * * [Bituminous]". Similar references to Bituminous were sprinkled throughout the complaint. In addition, plaintiff said that he "was compelled to visit the aforesaid medical facility [Macomb Orthopedic Associates, P. C.] and to 'cooperate with the doctor' if he wished to pursue the benefits under his claim for Workmen's Compensation". The majority of the complaint was then devoted to alleging the malpractice and misrepresentations of Dr. Sables. Finally, the complaint contained damage allegations based on "the negligent acts and omissions alleged herein".

Defendants, Dr. Sables and Macomb Orthopedic Associates, P. C., in their answer to the complaint, denied any agency relationship with Bituminous. Defendant carrier filed a motion for summary judgment under GCR 1963, 117.2(1) asserting plaintiff's complaint did not, as a matter of law,

state a cause of action against the workmen's compensation insurance carrier for the following reason:

"That, as a matter of law, an employee may not maintain an action against his employer's Workmen's Compensation carrier for any alleged subsequent acts of a physician to whom said carrier had sent the employee for a medical evaluation, and accordingly, Plaintiffs have failed to state a claim against Defendant Bituminous."

Bituminous also recognized that, for the purposes of its motion, plaintiff's allegations had to be taken as true.

Plaintiff's response to the motion asserted questions of material fact and cited various cases from other jurisdictions on the agency question.

The trial court filed a written opinion granting the motion and indicating the basis for the ruling. Summary judgment was then entered for defendant carrier, leaving the medical malpractice claims against the physicians pending.

Plaintiff appeals as a matter of right. The summary judgment recites that it is awarded pursuant to GCR 1963, 117.2(3), the basis for which would be absence of any issue of material fact. This is obviously in error, since there are many material facts in dispute which would prevent summary judgment. By its terms, the motion was brought under GCR 1963, 117.2(1), and the trial court's opinion was predicated on the assumption that defendant believed plaintiff's complaint did not state a cause of action. Consequently, we will treat the summary judgment as granted by the trial court under GCR 1963, 117.2(1).

As such, we take the allegations of fact in plaintiff's complaint as true, for purposes of deciding

whether, as a matter of law, plaintiff has stated a cause of action against defendant carrier and, thus, whether defendant was entitled to summary judgment.

Thus, we measure whether the trial court erred in granting summary judgment to defendant carrier under GCR 1963, 117.2(1) by reviewing plaintiff's complaint to find whether, as a matter of law, a cause of action is stated.

As indicated, plaintiff alleges that defendant physician is an agent of the carrier. Plaintiff does not allege that defendant carrier committed any specific, direct acts of negligence. For example, there is no allegation in the complaint that the carrier was negligent in selecting a physician. We conclude that plaintiff's complaint limits his claim to alleged medical malpractice of defendant physician as agent for the carrier for which defendant carrier would be liable as principal.

The issue then is, under the facts alleged in plaintiff's complaint, can defendant workmen's compensation insurance carrier, as a matter of law, be liable to plaintiff-employee for any damages caused by the malpractice of defendant physician to whom defendant carrier referred plaintiff?

The trial court said not. We disagree and find that if plaintiff establishes, by a preponderance of the evidence, the allegations in his complaint, there is no legal reason preventing recovery of damages against defendant carrier.

In granting defendant's motion for summary judgment, the trial judge stated as follows:

"The issue is whether a Workmen's Compensation carrier can be held liable for the alleged malpractice of physicians, who an injured employee is sent to pursuant to the provisions of the Workmen's Compensation Act.

"The law in this state is quite clear that an employer

is not chargeable with the want of skill of a physician to whom its employee is sent to perform its duty to render medical services. *Oliver v Ford Motor Co.,* 267 Mich 299 [255 NW 287] (1934).

"The defendant, Bituminous, clearly stands in the shoes of the employer herein and the Workmen's Compensation Act is plaintiff's exclusive remedy for injuries arising out of and in the course of employment. MCLA 418.101 *et seq.,* [MSA 17.237(101) *et seq.],* *Oleszek v Ford Motor Co.,* 217 Mich 318 [186 NW 719] (1922), *Flood v Merchants Mutual Insurance Co.,* 230 Md 373; 18 A.2d 320 (1963)."

In *Oliver, supra,* a 1934 case, plaintiff-employee, suffering a headache, was treated in defendant's first-aid room by a Swedish masseur who worked under a Ford physician, both being Ford employees. Claiming the masseur injured him, plaintiff brought suit against him and Ford Motor Company. At the conclusion of plaintiff's case, the court directed a verdict for defendant, Ford Motor Company, saying defendant's only duty to plaintiff was to exercise reasonable care in selecting a physician. Nowhere in the opinion did the court mention workmen's compensation; today, a better reason for the result reached would be that, under the workmen's compensation statute, the sole and exclusive remedy against the employer for work-incurred injury is payment of workmen's compensation.[2]

---

[2] *Oliver v Ford Motor Co,* 267 Mich 299; 255 NW 287 (1934), *but see, Overbeek v Nex,* 261 Mich 156; 246 NW 196 (1933), where the Court said the employer was obligated to pay workmen's compensation where the medical malpractice of a physician hired by the employer aggravated the original industrial injury (a broken arm) and, therefore, the employer was subrogated to the employee's settlement of the malpractice claim. As interpreted by that Court, *Overbeek* is an exercise of the option to accept workmen's compensation benefits rather than an exercise of the option to sue the employer as was done in *Oliver.* Also see, *Crawley v General Motors Truck Corp,* 259 Mich 503; 244 NW 143 (1932), where the Court held that a medical malpractice injury (unintentionally cutting a hole in the urethra) was

However, in any event, the *Oliver* case involves the duty owed by an employer to an employee who suffers a work-incurred injury, and is not necessarily analogous to the relationship between an employee and an insurance carrier under the facts asserted in plaintiff's complaint.

The trial judge reasoned that the carrier stood in the shoes of the employer and, therefore, like the employer, the carrier's only obligation was to pay workmen's compensation benefits. He cites *Oleszek v Ford Motor Co, supra,* which was a 1922 case, involving a claim against the employer, not against the carrier. The court held workmen's compensation benefits constituted the employer's only obligation and dismissed a malpractice claim against the employer's careless, unskilled, "first-aid" employees.[3]

The trial judge's premise that the carrier stood in the employer's shoes is expressly negatived by *Ray v Transamerica Insurance Co,* where the Court said:

"Defendant now asks us to suppose that in part 3, § 15 the legislature has intended to include 'insurer' by its sole use of the word 'employer'. We cannot accept this interpretation. To so hold would be to give greater

not an aggravation of the first work-incurred injury (serious injury to kidney from falling board) and was not caused by or traceable to the original injury. Thus, the Court held, as there was no workmen's compensation payable because the injury did not arise out of his employment, that plaintiff could sue the physician and the company for malpractice (even though the physician was only hired to examine plaintiff for the purpose of testifying in a hearing to terminate payment of workmen's compensation benefits).

[3] *Oleszek v Ford Motor Co,* 217 Mich 318; 186 NW 719 (1922), where plaintiff fell on an oily floor, was treated by nonphysicians in defendant's first-aid room, developed an infection, had his leg amputated and was fired. When plaintiff sued defendant, his employer, for what appeared to be obvious malpractice, the Court dismissed his case on the ground that since the infection was directly traceable to the work-incurred injury, his sole remedy against his employer was for payment of workmen's compensation benefits.

meaning to the words used than is obvious the legislature itself intended to give, and would be an enlargement of the terms of the act by judicial fiat. This we are loath to do.

\* \* \*

"The right which plaintiff asserts is a common-law right as to which the act has provided a statutory defense in favor of plaintiff's employer and his co-workers. \* \* \* This Court will not read into the act a provision in derogation of the common-law right of an injured employee to sue a negligent third party for damages." (Citations omitted.) [4]

With respect to the *Flood* case, *supra,* also cited by the trial judge, the *Ray* court spoke as follows:

" \* \* \* The Maryland decisions are contrary to the view which we have taken. In *Flood v Merchants Mutual Insurance Company,* 230 Md 373 (187 A2d 320) (1963), the Court took the position that the phrase 'other than the employer' did not include the insurer. Like the New Jersey trial court in *Mager, supra,* [*Mager v United Hospitals of Newark,* 88 NJ Super 421; 212 A2d 664 (1965)] Maryland appears to rely heavily on the subrogation dilemma to which we have already referred. *Flood* was followed in *Donohue v Maryland Casualty Company,* 248 F Supp 588 (DC Md, 1965). The reasoning of *Donohue* is that under Maryland law, when a carrier assumes the duties of an employer, either common law or statutory, it stands in the shoes of the employer.

"We cannot say that as a matter of law the duty assumed in this case was the duty of the employer and not an independent undertaking on the part of the insurer for its own internal purposes. Perhaps the duty assumed was coincident with that of the employer, but was that what the insurer is asserted to have assumed?

\* \* \*

---

[4] *Ray v Transamerica Insurance Co,* 10 Mich App 55, 61–62; 158 NW2d 786 (1968); this is the first case under this name and style, leave to appeal was denied 7/24/68, *see,* 381 Mich 766; the case was then tried and appeal taken and reported in 46 Mich App 647; 208 NW2d 610 (1973).

"Finding nothing to indicate that the legislature intended to blend the jural personalities of employer and insurer so as to bar a common law action against the latter, we hold that the motion for summary judgment was properly denied, and the case may proceed to trial for a determination of the question of liability." 10 Mich App at 63–64, 66.

We note that, subsequent to *Ray,* the Legislature has specifically identified the insurer with the employer insofar as safety services are concerned:

"The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section and section 827 'employee' includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and 'employer' includes his insurer, a service agent to a self-insured employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or incident to a self-insured employer's liability servicing contract."[5]

However, the analysis of the statute in *Ray* retains its vitality and can even be said to be strengthened since the Legislature, when presented with the opportunity, declined to equate the insurer with the employer for all purposes.

Furthermore, § 827 of our workmen's compensation statute provides as follows:

"Sec. 827. (1) Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other

_____
[5] MCLA 418.131; MSA 17.237(131).

than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall *not* act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section. * * * Any party in interest shall have a right to join in the action.

* * *

"(5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer *or* carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits." (Emphasis added.)[6]

We hold that § 827, as interpreted by *Ray,* permits suit by plaintiff-employee against defendant workmen's compensation insurance carrier. For purposes of that section of the statute, the carrier is a third party; contrary to the trial court's finding, the carrier does not stand in the shoes of the employer.

Since plaintiff's claim is limited to the alleged malpractice of the physicians, we consider whether plaintiff is precluded, as a matter of law, from asserting a malpractice claim against defendant physicians. If either defendant physician or defendant professional corporation was an employee

---

[6] MCLA 418.827(1), (5); MSA 17.237(827)(1), (5).

of the employer, LaSalle Machine Tool Company, plaintiff would be prevented from asserting a malpractice claim against either by reason of the co-employee rule.[7] *Jones v Bouza*[8] interpreted the statute to defeat a malpractice claim against a physician where both, the plaintiff-employee and defendant-physician, were employed by the same employer. There is no allegation here that either defendant Dr. Sables or defendant professional corporation was an employee of LaSalle Machine Tool Company; therefore, the co-employee rule does not apply.

In *Rogers v Horvath,*[9] this Court held that medical malpractice can only arise where there is a breach of duty arising from existence of a physician-patient relationship. That case held that where the physician was hired by the employer for the limited purpose of testifying at a hearing to determine whether compensation payments should cease, and where he only examined the claimant for that purpose and did not treat her, the physician owed no duty to the compensation claimant upon which malpractice could be asserted. In this case, plaintiff was treated by defendant physician for over three years, during which time defendant physician operated on plaintiff's back three times. We do not read *Rogers* as necessarily precluding a malpractice claim under these circumstances.

While we recognize that the amended workmen's compensation statute provides that after ten days the employee may select his own physician,[10] we are unwilling to find, on this limited record, that plaintiff is, in all events, precluded from

---

[7] Then MCLA 413.15; MSA 17.189, now MCLA 418.827(1); MSA 17.237(827)(1).

[8] *Jones v Bouza,* 381 Mich 299; 160 NW2d 881 (1968).

[9] *Rogers v Horvath,* 65 Mich App 644; 237 NW2d 595 (1975).

[10] MCLA 418.315; MSA 17.237(315).

asserting a malpractice claim against defendant physician.

Since it is possible plaintiff can offer evidence and prove both the existence of an agency relationship between the carrier and the physicians, and that defendant physician was guilty of medical malpractice, we find summary judgment was improvidently and prematurely granted to defendant carrier. We set aside the summary judgment and remand the case for proceedings consistent with this opinion.

In so doing, we recognize that defendant workmen's compensation insurance carrier is entitled to be subrogated to any recovery plaintiff might obtain.[11] This means defendant carrier will be on both sides, albeit under present custom, a "silent plaintiff". The argument that the Legislature intended to exempt carriers from liability in this situation to avoid the ludicrous situation of the carrier being both a plaintiff and defendant was expressly rejected in *Ray*.[12] While giving effect to the *Ray* ruling, we recognize some of the procedural problems that will confront the trial judge on remand.

In connection with remand, we advise that we do not intend our disposition of this appeal to preclude the possibility that upon completion of discovery, further motions for summary judgment or otherwise will have to be decided. Our present ruling will not necessarily prevent, in advance of trial, determination of such issues as: whether an agency relationship between defendant carrier and defendant physicians existed and, if so, its scope and extent; the effect, if any, of the statute which

[11] MCLA 418.827(5)–(7); MSA 17.237(827)(5)–(7).

[12] *Ray v Transamerica Insurance Co, supra,* at 62–63.

permits an employee after ten days to be treated by his own physician at the employer or carrier's expense, on the facts of this case; whether a physician-patient relationship existed between defendant physician and plaintiff so as to impose a duty on the physician and, if so, when it arose, and when it ended; and whether the jurors should be fully advised as to the carrier's dual capacity as a defendant and a silent plaintiff. We merely suggest that our decision here does not preclude hearings, testimonial if necessary, for determination of these questions before the jury trial begins.

Reversed and remanded.