## SLUSHER v. PONTIAC FIRE DEPARTMENT.

1. WORKMEN'S COMPENSATION—ASSAULT—DEFENSE OF EMPLOYER OR HIS INTERESTS.

   If one employee assaults another employee solely to gratify his feeling of anger or hatred the injury results from the voluntary act of the assailant and cannot be said to arise either directly out of the employment or as an incident of it, but when assault occurs while employee is defending his employer, his employer's property or interests or incidental to some duty of his employment, the injuries suffered will, as a rule, arise out of the employment.

2. SAME—FIREMAN—HOMICIDE—ARISING OUT OF EMPLOYMENT.

   Finding of department of labor and industry that there was nothing to indicate that shooting by captain of plaintiffs' decedent, a fireman in employ of defendant, arose out of circumstances connected in any manner with the employer's business *held*, supported by evidence.

Appeal from Department of Labor and Industry. Submitted April 20, 1938. (Docket No. 132, Calendar No. 39,872.) Decided June 6, 1938.

Louise Slusher, widow, and Donna Lou Slusher, minor child, presented their claim against City of Pontiac Fire Department for compensation for death of plaintiffs' decedent while in defendant's employ. Award denied. Plaintiffs appeal. Affirmed.

*George O. Hansen* and *George H. Heideman,* for plaintiffs.

*William A. Ewart,* for defendant.

SHARPE, J. Plaintiffs claim compensation for the death of Donald H. Slusher, husband of Louise Slusher, resulting from a fatal accident.

The facts are not in dispute. The deceased, Donald H. Slusher, was a fireman employed by the fire department of the city of Pontiac; and was assigned to station No. 2 in that city. The captain in charge of this station was William Bradburn. On the morning of December 2, 1936, captain Bradburn called the Slusher home and inquired as to the whereabouts of Mr. Slusher because he was late for work. Inasmuch as Slusher was more than 15 minutes late for work, it became the duty of the captain to inform the chief of the department; this was done.

Mr. Slusher reported to the chief on his way to work that morning, but disciplinary action was withheld for the time being. Mr. Slusher returned to duty and worked his 24 hours. He again returned to duty on the morning of December 4th; and at approximately 11:15 a. m., while in the act of peeling potatoes, was shot in the back of the head and killed

by captain Bradburn who thereupon committed suicide. There were no eyewitnesses to the actual shooting.

The department of labor and industry denied compensation and in its opinion said:

"The record discloses no reason or explanation of the shooting. There is nothing to indicate that the shooting arose out of circumstances connected in any manner with the employer's business. There is no proof of any disagreement over any work being done by deceased and no causal relationship is shown between the shooting and deceased's employment. * * *

"We are unable to find any reason conjectural, speculative or otherwise from which to infer that deceased's fatal injury 'arose out of his employment.' "

Plaintiffs appeal and contend that the undisputed testimony established a *prima facie* case which was not rebutted and they are, therefore, entitled to an award of compensation; and that the only inference that can fairly be drawn from the testimony is that the injury arose out of the employment.

The rule is well stated in *Marshall* v. *Baker-Vawter Co.,* 206 Mich. 466, where in quoting from *Jacquemin* v. *Turner & Seymour Manfg. Co.,* 92 Conn. 382 (103 Atl. 115, L. R. A. 1918E, 496), we said:

"If one employee assaults another employee solely to gratify his feeling of anger or hatred, the injury results from the voluntary act of the assailant, and cannot be said to arise either directly out of the employment or as an incident of it. But when the employee is assaulted while he is defending his employer, or his employer's property, or his employer's interests, or when the assault was incidental to some duty of his employment, the injuries he suf-

fers in consequence of the assault will, as a rule, arise out of the employment. He will then be serving his employer's ends and not his own.''

From the evidence we find that there was no proof of any disagreement between Slusher and Bradburn over their work. The evidence sustains the finding of the department that there was nothing to indicate that the shooting arose out of circumstances connected in any manner with the employer's business.

The award of the department of labor and industry is affirmed. Defendant may recover costs.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.