MURDOCK v MICHIGAN HEALTH MAINTENANCE
ORGANIZATION

Docket No. 79201. Submitted June 24, 1985, at Detroit. Decided
March 27, 1986.

Plaintiff, Louise Murdock, was terminated from her employment
by defendant Michigan Health Maintenance Organization
(Michigan HMO). Plaintiff sought workers' compensation bene-
fits alleging that she had suffered a psychiatric injury after a
superior, with whom she was romantically involved, slapped
her face and knocked her down to the floor on the day before
she was fired. The Workers' Compensation Appeal Board af-
firmed a hearing referee's decision to award benefits to plain-
tiff. Defendants, Michigan HMO and Travelers Insurance Com-
pany, appealed by leave granted. *Held:*

1. The WCAB's finding that plaintiff's supervisor had received
notice of plaintiff's injury was erroneous. The record conclu-
sively established that plaintiff's supervisor did not know or
have reason to know that plaintiff was injured. On remand, the
WCAB must address the issue of whether any other person
associated with defendant Michigan HMO received a notice of
injury from plaintiff as required by statute.

2. The WCAB's finding that plaintiff was disabled on the basis
that she could not return to work for defendant Michigan HMO
constituted error. On remand, the WCAB must determine plain-
tiff's disability using the proper legal standard, i.e., whether, as
a result of the alleged injury, plaintiff's wage-earning capacity
in her general field of employment became limited.

3. The hearing referee erred by refusing to admit into evi-
dence a copy of plaintiff's complaint which she filed in a civil

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 289, 301, 302, 509-539.

Mental disorders as compensable under workmen's compensation
acts. 97 ALR3d 161.

Liability of employer, supervisor, or manager for intentionally or
recklessly causing employee emotional distress. 86 ALR3d 454.

Sufficiency of proof that mental or neurological condition com-
plained of resulted from accident or incident in suit rather than
from pre-existing condition. 2 ALR3d 487.

/

rights action against defendant Michigan HMO on the basis that defendants could only offer the original complaint. The WCAB rejected the same proffered evidence on the mistaken belief that it had already issued an order rejecting it. On remand, the WCAB shall admit and consider the copy of the complaint.

The decision of the WCAB was vacated and the case was remanded.

1. WORKERS' COMPENSATION — APPEAL — FINDINGS OF FACT — LEGAL STANDARDS.

Findings of fact in a workers' compensation proceeding are conclusive in the absence of fraud, and the Court of Appeals reviews findings of fact only to determine whether there is any evidence to support them; the application of legal standards by the Workers' Compensation Appeal Board, however, is properly reviewable by the Court of Appeals; upon determining that the Workers' Compensation Appeal Board has applied an erroneous legal standard, the Court of Appeals must reverse and remand a case to the board for resolution of the factual issues in the light of the correct legal standard (MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — DISABILITY.

A disability, for purposes of the Workers' Disability Compensation Act, is a limitation of an employee's wage-earning capacity in the employee's general field of employment resulting from a personal injury or work-related disease (MCL 418.301[4]; MSA 17.237[301][4]).

3. WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL BOARD — EVIDENCE — RULES OF EVIDENCE.

The Workers' Compensation Appeal Board may consider any competent evidence relevant and material to matters in issue and is not subject to the same standards applicable in trial courts.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Melvyn J. Kates* and *Granner S. Ries*), for plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for defendants.

Before: R. M. MAHER, P.J., and BRONSON and D. F. WALSH, JJ.

Per Curiam. On June 7, 1984, the Workers' Compensation Appeal Board affirmed the decision of the hearing referee awarding plaintiff, Louise Murdock, benefits for a psychiatric injury. Defendants Michigan Health Maintenance Organization (Michigan hmo) and Travelers Insurance Company appeal by leave granted.

Plaintiff began employment as a private marketing group representative with Michigan hmo on May 24, 1976. During the ninety-day probationary period, plaintiff and W. Melvin Smith, the company's senior executive vice-president, entered into a sexual relationship. According to plaintiff, the relationship began at Smith's insistence. She claimed that Smith told her she would lose her job if she did not cooperate with him.

On July 15, 1977, plaintiff was meeting with Sam Hawkins, her immediate supervisor, when Smith entered Hawkins' office and asked Hawkins to leave. Plaintiff and Smith began to argue. According to plaintiff, Smith slapped her, knocked her to the floor, and left the office. When Hawkins returned to his office ten to fifteen minutes later, plaintiff was crying and distraught.

When plaintiff returned to work on July 19, 1977, Hawkins told her he wanted her to resign. Plaintiff refused and her employment was terminated on July 20, 1977.

Following her termination, plaintiff filed a civil rights action against Michigan hmo, alleging sexual harassment. In March, 1979, she filed a claim for workers' compensation benefits. In support of her claim, she presented psychiatric evidence of severe depression. Defendants' requests that plaintiff's civil rights complaint be admitted into evidence were rejected by both the hearing referee and the wcab.

Affirming the hearing referee's award of benefits

to plaintiff, the WCAB found, in pertinent part, as follows:

> The assault of July 15, 1977, has resulted in plaintiff's inability to return to work for defendant.
>
> * * *
>
> Plaintiff's disability, we find, is the inability to return to work for defendant in her skill because of a psychiatric injury and its resultant disability, i.e., anxiety neurosis with depression. *Kaarto v Calument & Hecla, Inc,* 367 Mich 128 [116 NW2d 225] (1962); *Deziel v Difco Laboratories, Inc, (After Remand),* 403 Mich 1 [268 NW2d 1] (1978).

The WCAB rejected defendants' contention that plaintiff's claim was barred because she had failed to notify her employer of her injury:

> Defendant argues that it had no notice. We find that Hawkins had notice of an event on July 15, 1977. He saw plaintiff distraught and crying. Since no reports were made to the bureau, plaintiff's claim, filed March 6, 1979, was timely. *Norris v Chrysler Corp,* 391 Mich 469 [216 NW2d 783] (1974). It is not required that the employer know the injury is work-related. *Combs v Michigan Mobile Homes,* 406 Mich 507 [280 NW2d 451] (1979).

On appeal, defendants challenge the WCAB decision in several respects. Absent fraud, findings of fact by the WCAB are conclusive if supported by any competent evidence. MCL 418.861; MSA 17.237(861). *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979). If the WCAB applied an erroneous legal standard, the correct procedure is to reverse and remand for further fact-finding and conclusions of law. *Williams v Lang (After Remand),* 415 Mich 179, 183; 327 NW2d 240 (1982).

NOTICE

The statute in effect at the time of plaintiff's injury required employees to notify their employers of their injuries within specified time periods; but once an employer had notice or knowledge of an employee's injury, the employer's failure to report the injury to the bureau precluded a defense of lack of timely notice. MCL 418.381(1); MSA 17.237(381)(1).

The notice to the employer that was required was that which would be sufficient to make the employer aware that an injury had occurred. *Norris v Chrysler Corp,* 391 Mich 469, 477; 216 NW2d 783 (1974). Employers were not, however, required to report all injuries sustained by employees. Only if the circumstances surrounding an employee's injury indicated the possibility of a work-related cause did an employer have to report the injury. *Nicholson v Lansing Bd of Ed,* 423 Mich 89, 102-103; 377 NW2d 272 (1985).

In this case, the WCAB found that plaintiff's supervisor Hawkins had had notice of her injury. We disagree.

The record conclusively establishes that Hawkins did not know, or have reason to know, that plaintiff was injured. There is no evidence that plaintiff told Hawkins or anyone else at Michigan HMO that she was suffering from any kind of illness.

We decline to hold that a supervisor who observes an employee crying and distraught, especially when the supervisor has reason to believe the reasons are purely personal, has been notified of an employee's possibly work-related injury.

Although there is no evidence to support the WCAB's finding of notice to Hawkins, we are remanding this matter for further factfinding. See

*infra.* Among the issues to be addressed by the WCAB on remand is whether any other person associated with Michigan HMO, most notably Smith, received the requisite notice.

### DISABILITY

In *Kidd v General Motors Corp,* 414 Mich 578, 591-592; 327 NW2d 265 (1982), the Supreme Court discussed the standard to be used in determining disability:

> It is well-established that the standard to be used in general disability cases is whether there is an impairment in wage-earning capacity. This is determined by comparing post-injury with pre-injury ability to compete with the able-bodied for *jobs within the type of work in which the injury occurred.* [Emphasis supplied.]

See also *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243, 251; 262 NW2d 629 (1978), where the Supreme Court noted Larson's definition of compensable disability: "inability, as the result of a work-connected injury, to perform or obtain work suitable to the claimant's qualifications and training." 2 Larson, Workmen's Compensation Law, § 57.00.

Recently, the Legislature codified the judicial definition of disability:

> As used in this chapter, "disability" means a limitation of an employee's wage earning capacity in the employee's general field of employment resulting from a personal injury or work related disease. [MCL 418.301(4); MSA 17.237(301)(4).]

In this case, the WCAB found only that plaintiff was unable to return to work for Michigan HMO.

There was no finding relative to plaintiff's ability to obtain employment in another setting within her general field of employment. We remand to the WCAB for a determination of disability using the proper legal standard.

## EXCLUSION OF EVIDENCE

The WCAB may hear the parties and may consider such additional evidence as it, in its discretion, allows them to submit. MCL 418.859; MSA 17.237(859).

Defendants challenge the WCAB's refusal to admit into evidence a copy of the civil rights complaint plaintiff had filed in circuit court. The hearing referee ruled that a copy of the complaint, as opposed to the original, was inadmissible. The WCAB also rejected the proffered evidence, relying on the mistaken perception that it had already issued an order rejecting defendants' request.

The admissibility of evidence in workers' compensation proceedings is not determined with reference to the standards applicable in trial courts. *Hawley v General Motors Corp,* 67 Mich App 114, 119; 240 NW2d 290 (1976), lv den 397 Mich 818 (1976). In any event, the evidence offered by the defendants in this matter was admissible. MRE 801(d)(2) and 901.

On remand, the WCAB is directed to admit into evidence and to consider defendants' Exhibit #1.

## CONCLUSION

The decision of the WCAB is vacated, and this matter is remanded to the WCAB for further findings of fact and conclusions of law consistent with this opinion. We do not retain jurisdiction.