MURDOCK v MICHIGAN HEALTH MAINTENANCE
ORGANIZATION

Docket No. 95966. Submitted January 11, 1988, at Detroit. Decided
June 8, 1988. Leave to appeal applied for.

The Workers' Compensation Appeal Board affirmed a decision by
a hearing referee awarding plaintiff, Louise Murdock, benefits
for a psychiatric injury. Defendants, Michigan Health Mainte-
nance Organization (HMO) and Travelers Insurance Company,
appealed by leave granted to the Court of Appeals. The Court
of Appeals vacated the decision of the WCAB and remanded to
the WCAB for further proceedings consistent with the opinion.
151 Mich App 578 (1986). On remand, the WCAB reaffirmed its
original award to plaintiff. Defendants appeal therefrom by
leave granted.

The Court of Appeals held:

1. The WCAB failed to apply properly the original opinion of
the Court of Appeals in regard to the proper rule of law
concerning notice of a work-related injury.

2. The WCAB failed to apply properly the principles of equita-
ble estoppel in regard to the factual claims made by plaintiff in
a separate circuit court action against HMO alleging sex dis-
crimination, wherein she set forth her continued ability to
perform the employment functions for which she was involun-
tarily discharged. Plaintiff's admissions in the circuit court
action can be raised by HMO in the present action and plaintiff
is collaterally estopped from denying the admissions and allega-
tions she made in that action. The WCAB erred in applying no
weight to plaintiff's position and admissions in the circuit court
action because, as a matter of law, that evidence has conclusive
weight, in accordance with principles of equitable estoppel, and,
therefore, as a matter of law, the petition for disability benefits
should have been dismissed for lack of proof of disability.
Plaintiff's circuit court complaint estopped her from denying

REFERENCES

Am Jur 2d, Pleading §§ 174-181, 389 et seq.
Am Jur 2d, Workmen's Compensation §§ 301, 302.
Mental disorders as compensable under workmen's compensation
acts. 97 ALR3d 161.

that she is able to return to employment with defendant HMO. Since she admits that she can return to employment with defendant HMO, she is not disabled and is not entitled to disability benefits. The WCAB erred in awarding disability benefits to plaintiff.

The award of benefits is vacated and the matter is remanded to the WCAB with directions to enter an order in favor of defendants which dismisses plaintiff's claim for benefits.

1. WORKERS' COMPENSATION — PSYCHIATRIC INFIRMITIES.

The fact that an employee has acted in a bizarre fashion may be evidence that the employee is suffering from some psychiatric infirmity; it is not evidence that the psychiatric problem is work related.

2. PLEADING — ESTOPPEL.

Pleadings, admissions, statements and stipulations made in a separate proceeding by a litigant who took a position therein inconsistent with that which the litigant advances in the present suit may be admitted in evidence against the litigant in the present suit; such evidence is not conclusive when the opposing party in the separate proceeding is not a party to the present suit; where the opposing party in the separate proceeding is a party in the present suit, the litigant is collaterally estopped from denying the admissions and allegations made in the separate proceeding.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Melvyn J. Kates* and *Granner S. Ries*), for plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for defendants.

Before: SAWYER, P.J., and R. M. MAHER and T. M. BURNS,* JJ.

PER CURIAM. On June 7, 1984, the Workers' Compensation Appeal Board affirmed the decision of the hearing referee awarding plaintiff benefits for a psychiatric injury. Defendants appealed by

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

leave granted and this Court vacated the decision of the WCAB and remanded to the WCAB for further proceedings consistent with our opinion, *Murdock v Michigan Health Maintenance Organization,* 151 Mich App 578, 584; 391 NW2d 757 (1986). On remand, the WCAB reaffirmed its original award to plaintiff. Defendants again appeal by leave granted and we again vacate the award.

The underlying facts of this dispute were sufficiently set forth in the original opinion and need not be repeated here. In the original appeal, this Court reversed the WCAB, concluding that the WCAB had applied an incorrect rule concerning notice of the injury, had incorrectly applied the definition of disability, the WCAB having found that the plaintiff was unable to return to work for defendant Michigan Health Maintenance Organization (HMO) rather than being unable to obtain employment in any setting, and had improperly excluded evidence of a copy of a civil rights complaint plaintiff had filed in circuit court. This Court directed the WCAB on remand to make further findings of fact and conclusions of law.

On remand, the WCAB found that defendant HMO had notice of plaintiff's injury and, therefore, is not entitled to a lack of notice defense, that plaintiff does suffer from a disability in that she is unable to return to any form of suitable work, and that the previously excluded evidence has no appreciable weight in this case. On appeal, defendant HMO first argues that the WCAB failed to apply the rule of law regarding notice, which it had been instructed to do by this Court on the original appeal, and that, even if the board applied the proper rule, there is no competent evidence in the record to support the board's finding that defendant HMO had the requisite notice to require a

report of a psychiatric injury to the Department of Labor. We agree with defendant HMO.

In the original appeal, this Court held that the WCAB erred in finding that plaintiff's supervisor, Sam Hawkins, had notice of plaintiff's injury. This Court stated that the record "conclusively establishes that Hawkins did not know, or have reason to know, that plaintiff was injured." *Murdock, supra* at 582. Rather than merely reversing the WCAB in the first appeal, this Court remanded the matter to the board for further fact-finding on the issue whether any other person associated with defendant HMO, particularly W. Melvin Smith, received the requisite notice. *Id.* at 582-583. On remand, the board held as follows:

> We conclude that the combined knowledge by defendant's corporate executives of plaintiff's pattern of behavior, including previous medical memoranda and notices of suspension, eventuating in her dismissal, justifies a conclusive inference of defendant's being placed on notice of plaintiff's psychiatric injury. See *Johnson v DePree Co,* 134 Mich App 709, 714-715 [352 NW2d 303] (1984); *Ratliff v General Motors Corp,* 127 Mich App 410, 420-422 [339 NW2d 196] (1983).

The board's findings regarding the notice issue are nebulous to say the least. The fact that because an employee has acted in a bizarre fashion is, perhaps, evidence that the employee is suffering from some psychiatric infirmity; it is not, however, as this Court has already held, evidence that this psychiatric problem is work related. As this Court declared in the previous appeal, an employer is required to report an injury to the Department of Labor only if the circumstances surrounding an employee's injury indicate the possibility of a work-related cause. *Id.* at 582.

Furthermore, what the board contends was evidence which defendant HMO's executive staff should have construed, collectively, as establishing the existence of an injury is nothing more than evidence already known to Sam Hawkins, which this Court has held did not constitute evidence that plaintiff was injured. It is one thing to suggest that plaintiff is psychiatrically unbalanced; it is another thing to suggest that this is the result of some workplace injury. It may be merely the symptoms of a preexisting psychosis, or deterioration of some congenital condition, neither of which would constitute a work-related injury. Of overriding importance, however, is the fact that the evidence to which the board points as being evidence that the other members of defendant HMO's organization were aware, thus in the board's opinion placing defendant HMO on notice of the injury, was evidence already in the possession of Hawkins. This Court originally ruled that that evidence was insufficient to establish a psychiatric injury by plaintiff. On the original remand, this Court did not indicate that it was necessary for the board to find that individuals other than Hawkins knew the same information which Hawkins possessed, but, rather, this Court sought a determination whether other individuals associated with defendant HMO possessed information which was not shared with Hawkins. Since the board failed to make such a finding, the board failed to apply properly the original opinion of this Court.

The present situation should be contrasted, rather than compared, with the authorities cited by the appeal board regarding notice. In *Johnson v DePree Co,* 134 Mich App 709, 714-715; 352 NW2d 303 (1984), this Court held that a letter of resignation which stated that "for reasons of health I am terminating my employment" constituted notice of

injury. In the case at bar, plaintiff did not terminate her employment; she was forced to resign against her wishes, and immediately commenced efforts to regain her job, which included sending a telegram to defendant HMO's board of directors requesting reinstatement. It seems anomalous to assert that a person who has been terminated from employment against her will, and who has protested the termination by petitioning the board of directors for reinstatement, can be deemed to have left the employer with the impression that she has suffered a work-related injury which precludes continued employment. Similarly, in *Ratliff v General Motors Corp,* 127 Mich App 410; 339 NW2d 196 (1983), the employee called in sick on her last day of work, saying she could not continue, and thereafter received sickness and accident benefits from the defendant's group insurer. Again, in the present case, plaintiff reported for work after her alleged injury and, as already indicated, gave no indication that she was ill, nor is there any suggestion that plaintiff has ever received sickness or accident benefits from defendant HMO directly, or through its group insurer.

All that defendant HMO had notice of was the deterioration of a personal, social relationship which, for this purpose, is not deemed work related. See *Horvath v La Fond,* 305 Mich 69; 8 NW2d 915 (1943); *Slusher v Pontiac Fire Dep't,* 284 Mich 657; 280 NW 78 (1938). See also *Brady v Clark Equipment Co,* 400 Mich 806; 282 NW2d 921 (1977), reversing 72 Mich App 274; 249 NW2d 388 (1976).

Next, we turn to the question whether the board correctly concluded that plaintiff suffered from a disability entitling her to benefits. In the original appeal, this Court concluded that the board applied an incorrect rule of law by finding plaintiff

disabled on the basis that she was unable to return to work for defendant HMO; the board failed to make a finding relative to plaintiff's ability to obtain employment within another setting within her general field of employment, thus necessitating this Court to direct the board to consider this second alternative on remand. *Murdock, supra* at 583-584.

Assuming, arguendo, that plaintiff did give appropriate notice to defendant HMO, thereby surviving the statute of limitations defense, then unquestionably the board had sufficient competent evidence in the record to justify an award of disability benefits under the appropriate legal standard.[1] However, and of overriding importance, the board failed to apply properly the principles of equitable estoppel regarding the factual claims plaintiff made in her circuit court suit for sex discrimination, wherein she set forth her continued ability to perform the employment functions for which she was involuntarily discharged.

Where, in a separate proceeding, a litigant takes a position inconsistent with that which he advances in the case at issue, his pleadings, admissions, statements and stipulations in the former action are evidence which may be admitted against him in the case at issue. See *Mertz v Mertz,* 311 Mich 46; 18 NW2d 271 (1945); *Billingsley v Gulick,* 256 Mich 606; 240 NW 46 (1932). However, this evidence is not conclusive when the opposing party in the first action is not a party to the present suit. *Smith v Battjes Fuel & Building*

---

[1] This is not to say that there was uncontroverted evidence of plaintiff's disability. Rather, we merely conclude that plaintiff has presented competent evidence to support the board's conclusions, which we must accept absent fraud. *Murdock, supra* at 581. However, as will be developed below, we will conclude that the issue of disability was controverted and, for equitable principles, the board was estopped from finding disability.

*Material Co,* 204 Mich 9; 169 NW 943 (1918); see also *Storey v Meijer, Inc,* 160 Mich App 589; 408 NW2d 510 (1987). However, in the case at bar, since the defendant employer was a party defendant in the circuit court action brought by plaintiff, plaintiff's admissions in the circuit court action can be raised by defendant HMO in the present action and plaintiff is collaterally estopped from denying the admissions and allegations she made in the circuit court action.[2]

In her circuit court action, plaintiff sought reinstatement, thus indicating that she felt she was ready, willing and able to return to employment with defendant HMO. It is inconsistent for plaintiff to maintain in a circuit court suit that she can and should be reinstated to her job and to maintain a claim for disability benefits premised upon being disabled and unable to return to that job. The WCAB erred in applying no weight to plaintiff's position and admissions in the circuit court action because, as a matter of law, that evidence has conclusive weight, in accordance with principles of equitable estoppel, and, therefore, as a matter of law, this petition for disability benefits should have been dismissed on grounds of lack of proof of disability.

In seeking to avoid this obvious result, the WCAB held that the evidentiary value of that complaint "could only apply to the standard of proof rejected by the Court's remand opinion,"[3] i.e., since it

[2] While plaintiff correctly points out that the WCAB has no equitable powers, and therefore cannot grant equitable remedies, *Auto-Owners Ins Co v Elchuk,* 103 Mich App 542, 546; 303 NW2d 35 (1981), it can and must apply equitable principles, such as estoppel, where appropriate, *Fuchs v General Motors Corp,* 118 Mich App 547, 553; 325 NW2d 489 (1982).

[3] As discussed above, this Court rejected as the standard of disability a determination whether the person can return to the same job with the original employer, accepting instead the standard as being whether the person can return to work in any suitable position.

would prove only that plaintiff could return to her former employment, and this Court held that that was not the proper standard for determining whether plaintiff was disabled. Ergo, the WCAB reasoned, it is, in an evidentiary sense, meaningless.

To the contrary, while the fact that a person cannot return to work for one particular employer does not equate with disability, it is no authority for holding that, where a person can return to work for his original employer in his original job, this does not prove the lack of disability. This is a familiar logical and grammatical fallacy. If a statement is true, its contrapositive is also true; however, its inverse and converse may or may not be true.

Here, the statement that being disabled from one's previous, particular employment is not sufficient to establish disability from similar jobs for other employers for workers' disability compensation benefit purposes is a true statement, as this Court held in its previous opinion. The issue addressed by the estoppel created by plaintiff's circuit court complaint and her civil rights action, however, is not the contrapositive of the statement, but the converse. There is no necessary logical connection between the truth of a statement and the truth of a converse proposition. Thus, the WCAB was incorrect in concluding that the evidentiary value of the complaint would only apply to the issue whether plaintiff could return to her former employment, thus rendering it meaningless on remand. That is, while the complaint may have no evidentiary value with respect to the question whether plaintiff could find comparable employment with a different employer, the complaint did have evidentiary value with respect to the question whether plaintiff could return to

employment with defendant HMO. It is this evidentiary value which the WCAB overlooked and chose to ignore.

Simply put, plaintiff's circuit court complaint estopped her from denying that she is able to return to employment with defendant HMO. Since she admits that she can return to employment with defendant HMO, she is not disabled. See *Murdock, supra* at 583. Since plaintiff is not disabled, she is not entitled to disability benefits.

For the reasons stated above, we conclude that the WCAB erred as a matter of law in awarding disability benefits to plaintiff.

The award of benefits is vacated and the matter is remanded to the WCAB with directions to enter an order in favor of defendants which dismisses plaintiff's claim for benefits. We do not retain jurisdiction. Defendants may tax costs.