MURDOCK v MICHIGAN HEALTH MAINTENANCE
ORGANIZATION

Docket Nos. 135391, 135395. Submitted June 17, 1992, at Lansing. Decided March 2, 1993, at 9:10 A.M. Leave to appeal sought.

Louise Murdock, a terminated employee of Michigan Health Maintenance Organization who filed a civil rights action against Michigan HMO and sought unemployment benefits, additionally sought and was awarded workers' compensation benefits for a total psychiatric disability upon a determination by a hearing referee and the Workers' Compensation Appeal Board that a workplace assault by a fellow employee rendered her unable to return to work at Michigan HMO. On appeal by Michigan HMO and its insurer, Travelers Insurance Company, the Court of Appeals in an opinion per curiam (R. M. MAHER, P.J., and BRONSON and WALSH, JJ.) vacated the award and remanded the case to the board for a redetermination of disability under the proper standard, i.e., whether as a result of the alleged injury the plaintiff's wage-earning capacity in her general field of employment became limited. 151 Mich App 578. On remand, the board reaffirmed the award. The Court of Appeals in an opinion per curiam (SAWYER, P.J., and R. M. MAHER and T. M. BURNS, JJ.) vacated the award and ordered the board to dismiss the claim, determining that in her civil rights action the plaintiff had alleged an ability to return to work for Michigan HMO and that she was estopped from claiming otherwise in the workers' compensation proceedings. 169 Mich App 324 (1988). The Supreme Court granted leave to appeal and, in lieu of issuing a decision, vacated the decisions of the Court of Appeals and remanded the case to the board for reconsideration of its factual finding of disability in light of the plaintiff's receipt of unemployment benefits and reconsideration of its finding of total disability within the general field of employment. 434 Mich 851 (1990). The board on remand determined that the plaintiff had incurred a partial psychiatric disability and awarded benefits. The plaintiff and the defendants appealed, and their appeals were consolidated.

The Court of Appeals held:

Injury sustained in a workplace assault by a co-worker is not work-related and therefore not compensable by workers' com-

pensation benefits where, as in this case, the assault arose from a purely personal dispute and the workplace in no way contributed to the cause of the dispute. The plaintiff's application for unemployment benefits estopped her from claiming workers' compensation.

Reversed.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Granner S. Ries*), for the plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for the defendants.

Before: SULLIVAN, P.J., and MACKENZIE and I. B. TORRES,* JJ.

PER CURIAM. This is the third time this matter has been before this Court. See *Murdock v Michigan Health Maintenance Organization,* 151 Mich App 578; 391 NW2d 757 (1986), and *Murdock v Michigan Health Maintenance Organization,* 169 Mich App 324; 425 NW2d 544 (1988). The Supreme Court summarily vacated those decisions and remanded to the Workers' Compensation Appeal Board for "reconsideration of its factual finding of disability in light of plaintiff's receipt of unemployment compensation benefits [and] to reconsider its finding of total disability on plaintiff's part within her general field of employment." 434 Mich 851 (1990). In these consolidated cases, the parties now appeal by leave granted from the WCAB's October 31, 1990, opinion and order entered following that remand. The order granted plaintiff an open award of benefits on the basis of partial psychiatric disability. We reverse.

The underlying facts were set forth in this

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Court's original opinion and need not be repeated in full here. Essentially, plaintiff was employed by defendant Michigan Health Maintenance Organization as a private marketing group representative from May 1976 until July 1977. During this time, plaintiff and defendant's senior executive vice president, W. Melvin Smith, became involved in a tempestuous sexual relationship. According to plaintiff, the relationship developed at Smith's behest. On July 15, 1977, plaintiff was meeting with her supervisor when Smith entered the supervisor's office and asked him to leave. Plaintiff and Smith began to argue and, according to plaintiff Smith knocked her to the floor. Plaintiff testified that the fight erupted because Smith was displeased with plaintiff's dating "an entertainer friend" and "fooling around." Smith, on the other hand, testified that the fight was the culmination of a quarrel that began at his apartment at approximately 2:00 A.M. that day and ended with the police escorting plaintiff from the building.

Plaintiff's employment was terminated on July 20, 1977, after she refused defendant's request that she resign. Following her termination, plaintiff brought a civil rights action alleging sexual harassment by defendant. She also sought unemployment compensation. Finally, she filed a claim for workers' compensation benefits, alleging psychiatric disability. The WCAB ultimately determined that plaintiff was partially disabled, in that she was unable to return to work for defendant because of her anxiety neurosis and depression stemming from Smith's assault.

In her appeal, plaintiff contends that the record establishes that she was totally disabled, and that she should have been awarded benefits to compensate for her total disability. Defendant, on the other hand, contends that because plaintiff did not

suffer a work-related injury, she should not have been awarded any benefits. We agree with defendant.

Depending on the facts of the case, the question whether a claimant's injury arose out of and in the course of employment can be characterized as a question of law, a question of fact, or a mixed question of fact and law. *Koschay v Barnett Pontiac, Inc,* 386 Mich 223, 225; 191 NW2d 334 (1971). In this case, the controlling facts are undisputed; we therefore consider the parties' claims as questions of law.

There are three categories of cases in which compensation is sought for personal injuries, usually assaultive, between employees. Where the employees argue over work matters, any resulting injury is deemed to be work-related. *Harrison v Tireman & Colfax Bump & Repair Shop,* 395 Mich 48; 232 NW2d 274 (1975); *Andrews v General Motors Corp,* 98 Mich App 556; 296 NW2d 309 (1980). Where the subject of the dispute is not work-related, but is caused by the friction and strain of proximity imposed by the workplace, the injury may be deemed to be work-related. *Crilly v Ballou,* 353 Mich 303; 91 NW2d 493 (1958). In the third category, injuries arising from personal disputes imported into the workplace are not considered to be work-related, and hence are noncompensable. *Horvath v La Fond,* 305 Mich 69; 8 NW2d 915 (1943); *Slusher v Pontiac Fire Dep't,* 284 Mich 657; 280 NW 78 (1938); *Morris v Soloway,* 170 Mich App 312; 428 NW2d 43 (1988); *Devault v General Motors Corp,* 149 Mich App 765; 386 NW2d 671 (1986).

Here, it is clear that any dispute between plaintiff and Smith was related either to an unpleasant incident that occurred in the early morning hours of July 15 at Smith's apartment, or was the result

of plaintiff's possibly intimate relationship with another person, about which Smith was jealous. It was not a question of the proximity imposed by the workplace contributing to the injury. Rather, it is clear that the workplace was only the site of the dispute, in no way a contributing cause other than that the intimate relationship between plaintiff and Smith arose because of their common employment. Because the dispute between plaintiff and Smith was not the product of the workplace, but of their sexual liaison, plaintiff's injury cannot be said to have arisen out of and in the course of employment.

We acknowledge, and reject, plaintiff's argument that the issue whether she suffered a work-related injury is not properly before this Court. The work-relatedness of plaintiff's injury has been central to the many issues raised throughout the lengthy history of this case and is a necessary element for her to sustain her claim that she is entitled to benefits for mental disability. Moreover, we note that even if we were to accept plaintiff's argument, a recent decision of this Court, *Paschke v Retool Industries,* 197 Mich App 650; 496 NW2d 804 (1992), would nevertheless mandate reversal on the ground that plaintiff's application for unemployment benefits estopped her from making a claim for workers' compensation.

Our disposition of the above issues makes it unnecessary to decide the parties' remaining claims.

Reversed.